**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Samuel Robert SINK and John Edward Grim, Jr., Defendants-Appellants.**

**No. 77–5317.**

United States Court of Appeals, Fifth Circuit.

June 8, 1978.

James M. Russ (Court-appointed), Orlando, Fla., for Samuel Robert Sink.

Harry L. Roen (Court-appointed), Orlando, Fla., for John Edward Grim.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Robert A. Leventhal, Mark Horwitz, Asst. U. S. Attys., Orlando, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

Samuel Robert Sink and John Edward Grim were convicted on conspiracy and substantive counts of uttering counterfeit currency. On appeal they have raised three points. They first contend that evidence introduced at their trial should have been suppressed because it was discovered through an unconstitutional search. Their second contention is that there was insufficient evidence to support their conviction. Finally, they argue that the trial court erred in failing to require production of the case report prepared by the investigating agent, a report which Sink and Grim contend must have been produced under the Jencks Act. Because resolution of the third contention requires further proceedings in the district court, we will not consider the first two points at this time.

At trial one of the government's witnesses was Sharon Rhoden. Prior to her testimony the defendants' counsel asked whether the government had any material which either the Jencks Act, 18 U.S.C. § 3500, or *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), required that it produce. The prosecuting attorney stated that the government had already provided all the required material. Later in the trial one of the agents responsible for investigating the case revealed that he had prepared a memorandum report which included a summary of his activities as well as summa-

ries of interview with witnesses, among them Sharon Rhoden. Counsel for the defendants again requested that the court require the production of this report. The trial court denied the request without examining the report. That denial was based upon the prosecutor's description of the report as an internal government document, a type of report which the trial court said was not covered by the Jencks Act. The court did direct that copies of the report be filed with the court and sealed. After the completion of the trial this court directed that the exhibit be unsealed. Once counsel saw the report they renewed their objection to the failure to produce the report.

As this court explained in *United States v. Judon*, 567 F.2d 1289, 1291 (5th Cir. 1978), "The Jencks Act requires the government in any criminal prosecution brought by the United States to produce, after a witness called by the government has testified on direct examination, any statement of the witness in the possession of the government which relates to the subject matter as to which the witness has testified." Here the summary of the interview with Rhoden clearly relates to the testimony which she gave at trial. But that relationship alone does not satisfy the requirements of the Jencks Act. Before the government is required to produce the summary it must also be a "statement" as defined by 18 U.S.C. § 3500(e).

Because we do not have the original of the report we cannot determine whether any part of the report, including the three pages headed "Synopsis of verbal statements by Sharon Rhoden," would fit into either of the definitions in section 3500(e). The copy filed with the court appears to be incomplete because the synopsis does not contain a summary of the complete sequence of events that led to this prosecution. Moreover, the copy appears to have been made from an original that was cut into segments rather than from complete pages. In addition, the report which was filed with the court was addressed to the United States Attorney for the Middle Dis-

trict of Florida. During the trial, however, the prosecutor described the report as one that the investigating agent prepared and sent to his superiors in the Secret Service in Washington. Thus, it is not certain that the report on file is the report described at the trial.

Those uncertainties require us to remand the case to the district court for further proceedings in light of this opinion and of our decision in *United States v. Judon, supra*. *See also Campbell v. United States*, 365 U.S. 85, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961). The district court should conduct whatever proceedings it deems necessary to allow it to determine whether the Jencks Act required the government to produce all or any parts of the report included as the court's exhibit 3 or such other report as the proof may establish to have been described at trial. The court should supplement the record with a transcript of any hearing that is held and with supplementary findings of fact. This court retains jurisdiction of the appeal for all other purposes.