STATE OF WEST VIRGINIA

*v.*

ALONZO BYRD

(No. 13830)

Decided June 26, 1979.

*James M. Sturgeon, Jr.*, for plaintiff.

*Chauncey H. Browning*, Attorney General, and *Richard L. Gottlieb*, Assistant Attorney General, for defendant.

CAPLAN, CHIEF JUSTICE:

Alonzo Byrd was indicted in 1976 by the grand jury serving the Circuit Court of Kanawha County on the charge of accessory before the fact to armed robbery. After voluntarily surrendering to the police, counsel was appointed to represent him and he subsequently entered a plea of guilty to the charge of accessory before the fact to unarmed robbery. As a result of his plea he was sentenced to a term of 5 to 18 years in the state penitentiary.

Two days prior to the imposition of the sentence the defendant filed a written motion seeking authority for him and/or his counsel to inspect, examine and study the presentence report. The court denied his motion but did

offer "to discuss this report with you (counsel) and in camera" subsequent to the sentencing. The refusal of the trial court to permit inspection of the presentence report prior to the imposition of the sentence prompted this appeal. The appellant here asks that the sentence imposed upon him be vacated and that the case be remanded for another sentence preceded by the disclosure to him and his attorney of the contents of an updated presentence report.

This Court has never had presented to it directly the right of a defendant or his attorney to examine a presentence report prior to the imposition of sentence. Nevertheless there is much commentary on the subject including numerous Law Review articles. See Note, *Criminal Procedure: Expanding Disclosure of Presentence Investigation Reports*, 29 U. Fla. L.R. 769 (1977); Note, *Recent Developments in the Confidentiality of Pre-Sentence Reports*, 40 Alb. L. Rev. 619 (1976); Note, *Disclosure of Presentence Reports in Federal Court: Due Process and Judicial Discretion*, 26 Hastings L.J. 1527 (1975); Lehrich, *The Use and Disclosure of Presentence Reports in the United States*, 47 F.R.D. 225 (1969); Bach, *The Defendant's Right of Access to Presentence Reports*, 4 Crim. L. Bull 160 (1968); Roche, *The Position for Confidentiality of the Presentence Investigation Report*, 29 Alb. L.R. 206 (1965); Higgins, *In Response to Roche*, 29 Alb. L.R. 225 (1965); Higgins, *Confidentiality of Presentence Reports*, 28 Alb. L.R. 12 (1964). Professor Willard D. Lorensen of the West Virginia University School of Law wrote an article which appears in 69 W. Va. L.R. 159 (1967) which shows a fairly equal division between those courts in West Virginia which do allow inspection of a presentence report and those which do not. We believe it advisable therefore to look to other jurisdictions for guidance.

In some states the presentence report is in effect a public record. For example, in California the full report "must be made available to the court and the prosecuting and defense attorneys at least two days or, upon the request of the defendant, five days prior to the time

fixed by the court for the hearing and determination of such report and must be filed with the clerk of the court as a record in the case at the time of said hearing." Cal. Penal Code, Section 1203 (1969) (amended subsequently to now require that the report be made available at least nine (9) days prior to the time fixed for the hearing and provides for a waiver). In Virginia, after having made the report available to counsel for the accused by furnishing him with a copy of same for his permanent use at least five days prior thereto, the probation officer "shall present his report in open court in the presence of the accused who shall have been advised of the contents of the same and be given the right to cross examine the investigating officer as to any matter contained therein and to present any additional facts bearing upon the matter which he may desire to present. The report of the investigating officer shall be filed as a part of the record in the case." Va. Code Ann. Section 19.2-299.

From a numerical standpoint it would appear that the majority of states hold the presentence report to be confidential or, at best, available only on a limited basis. See American Bar Association Project on Standards for Criminal Justice—Standards Relating to Sentencing Alternatives and Procedures, Section 4.3. In Ohio the report "shall be confidential and need not be furnished to the defendant or his counsel or the prosecuting attorney unless the court, in its discretion, so orders." Ohio Rev. Code Ann. Section 2951.03 (Superseded by Ohio Rules of Criminal Procedure, Crim. R. 32.2 (A), (B), (C) which contains the same language as above).

This Court has examined a great number of the articles and has reviewed many statutes relating to the confidentiality of the presentence report and concludes that fundamental fairness requires that we adopt and conform to, where applicable, Rule 32(c)(3) Federal Rules of Criminal Procedure.

Basically that Rule provides that before imposing sentence the court shall, upon request, permit the defend-

ant or his attorney, if he is represented by counsel, to read the presentence investigation report, exclusive of any recommendation as to sentence, but not to the extent that in the court's opinion the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality, or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons. Further, the court shall afford the defendant or his counsel an opportunity to comment on the report and, at the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report. (The court's discretion may be tested on appeal) If the court be of the view that there is information in the presentence report which should not be disclosed, the court, in lieu of making the report or part thereof available, shall state orally or in writing a summary of the factual information contained therein; the defendant or his counsel shall be given an opportunity to comment thereon and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy. Also, any material disclosed to the defendant or his counsel shall be disclosed to the prosecuting authorities. Any copies of the presentence report made available to the respective parties shall be returned to the probation officer immediately following the imposition of sentence or the granting of probation unless the court in its discretion otherwise directs.

Because the above enunciated rule relates to a matter of judicial procedure, our holding is based upon this Court's inherent supervisory and rule-making powers. W. Va. Const. Art. VIII, § 3 and 8; *State v. Gary*, ____W. Va.____, 247 S.E.2d 420 (1978); *Stern Bros., Inc. v. McClure*, ____W. Va.____, 236 S.E.2d (1977); *State ex rel. Partain v. Oakley*, ____W. Va.____, 227 S.E.2d 314 (1976); West Virginia *State Bar. v. Earley*, 144 W. Va. 504, 109 S.E.2d 420 (1959).

Being persuaded by the substance of the aforesaid federal rule we vacate the sentence imposed upon the appellant and remand the case for a new sentence. Such sentence shall be preceded by the disclosure of the pre-sentence report to the defendant's counsel as above provided. See rule 32(c)(3), Federal Rules of Criminal Procedure. The subject matter of the rule not rising to a constitutional dimension such rule will be applied to this case and prospectively only.

For the foregoing reasons the sentence is vacated and the case is remanded for resentencing as above indicated.

*Sentence vacated;*
*remanded with*
*directions to resentence.*