STATE OF WEST VIRGINIA

*v.*

KENNETH ALAN DOTSON

(No. 14132)

Decided September 23, 1980.

*David M. Finnerin* for plaintiff-in-error.

*Chauncey H. Browning,* Attorney General, *Howard E. Kraukoph,* Assistant Attorney General, for defendant-in-error.

PER CURIAM:

The appellant, Kenneth Alan Dotson, is appealing from a final judgment of the Circuit Court of Wood County committing him to the custody of the West Virginia Commissioner of Corrections pursuant to *W.Va. Code,* 25-4-1, *et seq.,* upon his plea of guilty to an indictment charging him with breaking and entering. In entering this order, the Circuit Court of Wood County denied Dotson's motion for probation. Dotson contends, among other things, that he was denied due process of law and effective assistance of counsel by the refusal of the trial

court to permit his attorney to inspect the presentence investigation report prior to the pronouncement of sentence.

In *State v. Byrd*, 163 W.Va. 248, 256 S.E.2d 323 (1979), this Court, under its inherent supervisory and rule-making powers, in the interest of fundamental fairness adopted, where applicable, Rule 32 (c)(3) of the Federal Rules of Criminal Procedure. Basically, that rule permits a criminal defendant or his attorney, in the discretion of the trial court, to read and comment on the presentence investigation report prior to the imposition of sentence.

On August 18, 1980, the State through its assistant attorney general and the defendant's attorney filed a joint motion to dismiss based upon Rule 25(a) of the Rules of Appellate Procedure on the ground that the parties had agreed that Dotson should be resentenced and afforded an opportunity to review the presentence investigation report prior to sentencing. In connection with the motion, counsel for the State represented that the Judge of the Circuit Court of Wood County had agreed to such resentencing and review.

In light of the foregoing motion and agreement, we are of the opinion that the judgment below should be reversed and the case remanded in accordance with the agreement. Where the parties in an appeal of a criminal case agree to afford the relief sought by the appeal and jointly move this Court to dismiss the appeal pursuant to Rule 25(a) of the Rules of Appellate Procedure, this Court will treat such motion as a confession of error and will reverse the case in accordance with the agreement of the parties and remand for further proceedings consistent with that agreement.

*Reversed and remanded.*