289 S.E.2d 660

**STATE of West Virginia**

v.

**Sylvia GODFREY.**

**No. 14846.**

Supreme Court of Appeals of West Virginia.

Dec. 11, 1981.

McGraw, J., dissented and filed opinion.

Leo Catsonis and Michael T. Clifford, Charleston, for appellant.

Chauncey H. Browning, Atty. Gen., and Dennis B. Abrams, Asst. Atty. Gen., Charleston, for appellee.

McHUGH, Justice:

This is an appeal by Sylvia Godfrey from an order of the Circuit Court of Jackson County, entered on November 20, 1979, which sentenced her to one to five years in the penitentiary for obtaining property by false pretenses in violation of *W. Va. Code*, 61-3-24 [1931]. That order also denied the defendant's motion to continue the sentencing hearing so as to allow her time to prepare and present additional evidence on the issue of whether she should be granted probation.

In 1978 the Jackson County Grand Jury returned five indictments against Sylvia Godfrey based on bad checks that she allegedly wrote in July, 1978. On August 3, 1979, the appellant, under a written plea bargain agreement, entered a plea of guilty to one count of one of the indictments. The remaining count of that indictment, and the four other indictments, were then dismissed. On this appeal Sylvia Godfrey assigns two categories of error. First, Sylvia Godfrey asserts that her attorney did not have ample time to examine the diagnostic report, that she should have been allowed to supplement the recommendations of the diagnostic report, and that she did not receive a meaningful hearing on the diagnostic report's recommendations. The defendant argues that she was prejudiced by the trial judge's failure to timely disclose the diagnostic report and by the trial judge's denial of her request for a continuance so as to enable her to present witnesses to contest the diagnostic opinion contained in the report. Second, she asserts that the trial judge failed to state with specificity his reasons for declining to grant probation and abused his discretion in refusing to grant such probation.

I

The defendant in this case was eligible for probation under *W. Va. Code*, 62–12–2 [1979]. After the defendant entered a plea of guilty, the trial judge ordered the probation officer to conduct a presentence investigation and to make a report of the results of that investigation pursuant to *W. Va. Code*, 62–12–7 [1939].[1] The probation offi-

cer's presentence investigation report (hereinafter PSIR) was delivered to the court on September 17, 1979, at which time the trial judge granted a motion by the defendant for a continuance to allow her to present evidence to rebut certain disputed allegations of fact contained in the report.

The hearing on the PSIR was held on October 1, 1979. The defendant presented three witnesses at this hearing. The defendant's husband offered testimony about his physical condition and the defendant's suitability for probation. Lorena Bonecutter, a minister from a church the defendant previously attended, also offered testimony regarding the defendant's suitability for probation. The defendant also testified on her own behalf at this hearing. She explained the circumstances of a prior assault and battery conviction; contested the PSIR's accuracy as it related to the amount of restitution owed on the checks she had written; denied that she had violated a dog tag law; sought to clarify the date of her divorce from her first husband; and attempted to explain her failure to complete restitution in a prior case where she had been granted probation after an embezzlement conviction. The other factual matters in the PSIR were not contested.

The trial judge, at the close of the October 1 hearing stated that he was inclined to deny probation. Prior to imposing sentence, however, he ordered that the defendant be committed to the Diagnostic and Classification Unit of the West Virginia Penitentiary for Women at Pence Springs pursuant to *W. Va. Code*, 62–12–7a [1972].[2]

1. *W. Va. Code*, 62–12–7 [1939] provides, in part: When directed by the court, the probation officer shall make a careful investigation of, and a written report with recommendations concerning, any prospective probationer. Insofar as practicable this report shall include information concerning the offender's court and criminal record, occupation, family background, education, habits and associations, mental and physical condition, the names, relationships, ages and condition of those dependent upon him for support, and such other facts as may aid the court in determining the propriety and conditions of his release on probation.

2. *W. Va. Code*, 62–12–7a [1972], provides, in part:

Notwithstanding any other provision of law, when any person has been found guilty of, or pleads guilty to, a felony, the court may, prior to pronouncing of sentence, direct that such person be delivered into the custody of the commissioner of public institutions who shall cause such person to be forthwith transferred to the diagnostic and classification division of the Huttonsville correctional center for a period not to exceed sixty days. During such period such person shall undergo examination, diagnosis and classification and he shall then be remanded and delivered to the custody of the sheriff of the county wherein he was found guilty or entered such plea. Within ten days following the termination of such examination, diagnosis and classification, the com-

His reason, as stated on the record, was that "there might be something brought out by an examination that hasn't been presented here and something that might explain her conduct, something that would indicate a defect that might be cured or problem that might be overcome by counseling."

The defendant was returned to the Circuit Court of Jackson County for sentencing on November 16, 1979. The hearing began at 9:25 a. m. The defendant's counsel immediately requested that the trial judge make the report received from the Diagnostic Unit available for inspection. Expressing concern over the confidentiality of the report, the trial judge denied the request. The defendant's counsel then asked for time to confer with his client and a recess was granted.

The hearing resumed at 10:45 a. m. At that time the trial judge gave the defendant's counsel access to the diagnostic report but ordered him not to reveal it to his client. The trial judge, at that time, also informed the defendant that she would be able to present testimony on "evidentiary matters" should she desire to do so after her counsel reviewed the report. The defendant then requested, and the trial judge granted, another recess.

The hearing was reconvened at 1:30 p. m. at which time the defendant requested a continuance of the sentencing hearing for the purpose of presenting evidence "to contradict or counteract the apparently unfavorable report" and to "dispel those recommendations of the report" that probation was not proper. The defendant proposed calling the Pence Springs personnel involved in the preparation of the report as witnesses, as well as an independent psychiatrist on the point of "recommendations about the likelihood of this Defendant to keep the terms of probation." The trial judge declined to grant the continuance because "the Court does not have a mind to receive or consider any more opinions on the question." The trial judge reiterated at

that time that he would receive testimony on matters relating to alleged factual inaccuracies. The defendant did not offer such testimony. The trial judge then proceeded to sentence the defendant.

■ A defendant in a criminal case does not have a due process right to full disclosure of a presentence report. *Williams v. Oklahoma*, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *State v. Byrd*, W.Va., 256 S.E.2d 323 (1979). The trial judge may, however, in his discretion, reveal all or part of the report to a defendant or her counsel. *State v. Byrd, supra;* W.Va.R.Cr.P., Rule 32(c)(3)(A). A diagnostic report filed pursuant to W.Va.Code, 62–12–7a [1972], should be treated in the same manner as a presentence report prepared by a probation officer under W.Va.Code, 62–12–7 [1939]. *See* W.Va.R.Cr.P., Rule 32(c)(3)(E).

■ This Court first adopted the federal criminal procedure rule relating to presentence reports, F.R.Cr.P., Rule 32(c)(3)(A), under our supervisory and rule-making powers in *State v. Byrd, supra,* where we held, at Syl. pt. 1:

> Where a presentence report has been prepared and presented the court shall, upon request, permit the defendant, or his counsel if he is so represented, prior to imposition of sentence, to read the report exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons and the court shall afford the defendant or his counsel an opportunity to comment on the report, and, in the discretion of the court, to introduce testimony or other information relating to any alleged factu-

missioner of public institutions shall make or cause to be made a report to the court wherein the person was found guilty, or entered his

plea of guilty, containing the results, findings, conclusions and recommendations of the commissioner with respect to such person.

al inaccuracy contained in the presentence report.

Cf. *F.R.Cr.P.*, Rule 32(c)(3)(A); *W.Va.R. Cr.P.*, Rule 32(c)(3)(A). *Byrd* is controlling in the case presently before us. The trial judge's delay of, and limitation on, the disclosure of the diagnostic report was motivated by his concern that revelation of the report's diagnostic opinion to the defendant would have a disruptive effect on her rehabilitation as well as considerations of confidentiality. Within the terms of the rule announced in *Byrd*, the diagnostic report in this case was disclosed "upon request" to "his [the defendant's] counsel." The terms of the *Byrd* rule allow the counsel to see the report "exclusive of any recommendation as to sentence."

It is conceded that the factual contents of the diagnostic report were the same as, and were based upon, the factual contents of the PSIR which had been in the defendant's possession for at least six weeks prior to the November 16 hearing. The only new matter in the diagnostic report was the psychiatric evaluation and diagnostic recommendation which the trial judge properly refused to disclose to the defendant. Under these circumstances the trial judge's delay in disclosing the report, and his limitation on the scope of that disclosure, did not prejudice the defendant and was not an abuse of discretion.

■ It was not error for the trial judge to decline to receive further psychiatric testimony. In this case the trial judge, at the October 1, 1979, hearing received testimony on the defendant's suitability for probation from her husband and Lorena Bonecutter. Such practice by the trial judge in the case was commendable. A trial judge should, ordinarily, hear testimony regarding whether a defendant should be placed on probation if that defendant is statutorily eligible for such probation. The extent of such testimony, however, is within the sound discretion of the trial judge.[3]

■ The same factors which militate against revealing the diagnostic opinion and "any recommendation as to sentence" in the report also justify a refusal to allow cross-examination of the people who tendered the opinion and recommendation. Under *Byrd*, and the federal and state rules, a trial judge, in his discretion, may allow a defendant to introduce "testimony or other information relating to any factual inaccuracy contained in the presentence report." The notes to *F.R.Cr.P.*, Rule 32(c)(3)(A), explicitly state that: "It is not intended that the probation officer would be subjected to any rigorous examination by defense counsel, or that he will even be sworn to testify." Advisory Committee on Rules, Notes, *F.R.Cr.P.*, Rule 32(c)(3)(A), 1974 Amendment. *See also, United States v. Cardi*, 519 F.2d 309 (7th Cir. 1975).

The facts in the diagnostic report were the same as those in the PSIR in this case. The defendant was given the opportunity to introduce evidence on contested factual allegations after both the PSIR and the diagnostic report were disclosed. She availed herself of that opportunity at the October 1 hearing on the PSIR. She was given that opportunity again at the November 16 hearing on the diagnostic report but did not seek, at that time, to present further factual testimony. At the November 16 hearing she sought a continuance so that she could contest the diagnostic opinion and sentencing recommendation contained in the report. She did not contest any further factual allegations. She does not now contend that any of the facts, other than those contested at the October 1 hearing, are inaccurate or false. The trial judge's refusal to hear further testimony on the opinion and recommendation contained in the diagnostic report, or to allow cross-examination of the people who prepared that opinion and recommendation, was not an abuse of discretion. The trial judge was correct in his determination that such a proceeding could have a great potential for disrupting a program of rehabilitation—it could undermine from the beginning the relationship between the defen-

---

3. Obviously, there are circumstances under which no such testimony would be necessary because of the defendant's prior record, the nature of the crime, the defendant's character, or some like circumstances.

dant and those who may well be her counselors.

The American Bar Association's *Standards for Criminal Justice* support our holding. Although the issue of diagnostic and classification procedures and reports, such as that provided for in *W. Va. Code*, 62–12–7a [1972], is not addressed in the *Standards*, Standard 18–6.4(b) does provide:

> Where the need for further evidence has not been eliminated by a presentence conference ... the sentencing court should conduct a hearing with respect to all material factual disputes arising out of any presentence reports or the evidentiary proffers of the parties. Although the sentencing process should not become a "minitrial," occasions will arise when, in order to ensure that a sentence is not founded on material misinformation, the sentencing court should permit the parties to subpoena witnesses and to cross-examine persons who rendered reports to the court and persons providing information contained in such reports....

At first impression the provision of this standard, that the defendant should be allowed to "cross-examine persons who rendered reports," may seem to support the defendant's position in this case. The purpose of that provision is, however, to prevent sentencing based on material misinformation. Further, the hearing in which such cross-examination is to occasionally occur is specifically said to be "with respect to all material factual disputes." The commentary to this standard is important to note:

> Although the presentence report's allegations must be corroborated by the government when an effective challenge is made by the defendant, this edition most certainly does not contemplate that the probation officer will be required to prove the contents of his or her report

even in an informal fashion in order to present a prima facie case. Only when a specific factual controversy is raised by the defendant's effective challenge, or when the court on its own motion seeks fuller substantiation, will in-court testimony or cross-examination of the probation officer or officer's sources occur.

Hence, it is clear that the standard is merely making provision for testimony and cross-examination of a probation officer when there are contested allegations of fact. Standard 18–6.4(b) in no way stands for the proposition that a professional psychologist who has prepared a diagnostic report should be required to submit to cross-examination on the opinions and recommendations contained in the diagnostic report. Similarly, the standard does not suggest allowing cross-examination of a probation officer on the issue of his recommendation as to sentencing alternatives contained in his report.

## II

■ The defendant next assigns the trial judge's failure to grant probation as an abuse of discretion and his failure to state specific reasons for his refusal in the sentencing order as error. The defendant argues that the failure to state specific reasons for denying probation in the sentencing order contravenes *W. Va. Code*, 62–12–8 [1939], and is "a procedural error, which, in and of itself, is sufficient grounds for remand and resentencing."

*W. Va. Code*, 62–12–8 [1939], provides, in pertinent part: "Orders granting or refusing release on probation shall contain a brief statement by the court of the reasons for its action and shall be entered of record." The sentencing order in this case did not state the reasons for the refusal to grant probation. The trial judge did, however, state his reasons for his refusal to grant probation on the record on several occasions.[4]

<hr>

4. For example, at the October 1, 1979, hearing the trial judge said:

> The best evidence, it seems to me, of the defendant's intentions and attitudes is her own behavior, conduct. The fact that she was involved in similar criminal activity and

> placed on probation some years ago, not very many, that she apparently lost a job under a cloud, at least, of embezzlement, and after that and now again involved in criminal activity here involving larcenous behavior indicated to me that she's not sufficiently im-

The defendant does not allege that any prejudice has resulted from the trial judge's failure to comply with this procedural requirement. She asks, in essence, that we find that any failure to comply with the procedural requirement of *W. Va. Code*, 62–12–8 [1939], is, *per se*, prejudicial. We decline to do so. The procedural requirement here has a reason in that it assures that there is a record for review on appeal and that the defendant has been given notice of the reason for the trial judge's action. Those purposes were served in this case.[5] The defendant was not prejudiced by the action of the trial judge in this regard and this case will not be remanded for resentencing. *See Tracey v. Janco*, 351 F.Supp. 836 (N.D.W.Va.1972); *State v. Houston*, 166 W.Va. 202, 273 S.E.2d 375 (1980). Violation of the procedural requirement of *W. Va. Code*, 62–12–8 [1939], that an order denying probation state the reasons for such denial, will not be grounds for remand for resentencing where the reasons appear in the sentencing record.

■ The defendant also argues that the trial judge's refusal to grant probation was an abuse of discretion because his "sole reason" for such refusal was a prior conviction. We find no merit in that argument. *W. Va. Code*, 62–12–2 [1979], which provides, in part, that "[a]ll persons who have not been previously convicted of a felony within five years from the date of the felony for which they are charged ... shall be eligible for probation" does not preclude a trial judge from considering the prior conviction when deciding whether to grant probation. That section of the *Code* refers to a defendant's eligibility and not the factors which a trial judge should consider in deciding whether an eligible defendant should receive probation. Those factors which a trial judge must consider are found in *W. Va. Code*, 62–12–3 [1977], which provides in pertinent part:

> Whenever, upon the conviction of any person eligible for probation under the preceding section (§ 62–12–2), it shall appear to the satisfaction of the court that the character of the offender and the circumstances of the case indicate that he is not likely again to commit crime, and that the public good does not require that he be fined or imprisoned, the court, upon application or of its own motion, may suspend the imposition or execution of sentence and release the offender on probation....

We have considered the entire record in this case and hold that the trial judge properly considered the factors relevant to determining whether probation was proper. *See* n. 4, *supra*. He did not place undue reliance on any one factor and did not abuse his discretion in refusing the defendant's application for probation.

Affirmed.

McGRAW, Justice, dissenting:

I dissent to the majority's opinion that permits judicial officers to disregard statutory law. As the majority notes, W.Va. Code § 62–12–8 (1977 Replacement Vol.) explicitly provides that "[o]rders granting or refusing release on probation *shall* contain a brief statement by the court of the reasons for its action and shall be entered of record." (Emphasis added.) This Court has long held that the use of the word "shall" in a legislative enactment should be afforded a mandatory connotation. *See, e.g., Nelson v. West Virginia Public Employees Ins. Board*, 171 W.Va. 445, 300 S.E.2d 86 (1982); *Cooper v. Gwinn*, 171

pressed with the severity of her misconduct and while society as a whole would not be threatened by the liberty, nevertheless, it seems to me that the only appropriate sentence should be confinement.

At the November 16, 1979, sentencing hearing the trial judge said:

It's a judgment for the Court to make as to the appropriate sentence and to how she's going to keep probation, eligible for probation based upon the history or past behavior and the whole picture, the entire circumstances

surrounding the events ... and the picture is just not good and I have received no indication from any source that changed my view about that.

5. *See* ABA, *Standards for Criminal Justice*, Standard 18–6.6(a)(ii)(2d Ed. 1980): "[W]hen sentence is imposed the court: .... (ii) normally should state for the record in the presence of the defendant the reasons for selecting the particular sentence to be imposed."

W.Va. 245, 298 S.E.2d 781 (1981); *Woodring v. Whyte*, 161 W.Va. 262, 242 S.E.2d 238 (1978); *Terry v. Sencindiver*, 153 W.Va. 651, 171 S.E.2d 480 (1969); *In re Mann*, 151 W.Va. 644, 154 S.E.2d 860 (1967); *Board of Trustees of Policemen's Pension or Relief Fund of City of Huntington v. City of Huntington*, 142 W.Va. 217, 96 S.E.2d 225 (1956); *State ex rel. Staley v. County Court of Wayne County*, 137 W.Va. 431, 73 S.E.2d 827 (1952); *Baer v. Gore*, 79 W.Va. 50, 90 S.E. 530 (1916). A court of record speaks only through its orders. *See, State ex rel. Erlewine v. Thompson*, 156 W.Va. 714, 207 S.E.2d 105 (1974); *Cunningham v. Smith*, 205 Va. 205, 135 S.E.2d 770 (1964); *see also, State ex rel. Mynes v. Kessel*, 152 W.Va. 37, 158 S.E.2d 896 (1968); *Powers v. Trent*, 129 W.Va. 427, 40 S.E.2d 837 (1946). It is not disputed that the sentencing order in this case did not state the reasons for the refusal to grant probation.

The majority holds that the failure of the order to state reasons for the refusal to grant probation did not prejudice the appellant because those reasons were stated orally by the trial judge on the record on several occasions. However, inspection of the record reveals that the trial court was not at all clear in its articulation of the reasons for its action. At the November 16, 1979, sentencing hearing, the trial court speaks only in general terms of "past behavior and the whole picture, the entire circumstances surrounding the events." Surely such a statement does not fulfill the requirement of W.Va.Code § 62–12–8 that the defendant be given notice of "the reason for the trial judge's action." *See* majority opinion *supra* at 29.

The other statement of reasons relied upon by the majority was made at the hearing held on October 1, 1979. Although this statement of reasons, quoted in footnote 4 *supra*, is certainly more complete than that offered at the November 16th hearing, the trial court itself declined to deny probation based upon these reasons, stating that "there are matters which cloud the issue ..." It is impossible to determine from the record of the subsequent hearing how these clouds were removed.

In rendering a decision on the issue of probation, due process requires that the trial court make findings of fact and conclusions of law and present them in a form that can be reviewed on appeal without resort to an inspection of the entire record and strained concepts of "judicial discretion."

Incidentally, those interested in the meaning of "judicial discretion" may use as a starting point those definitions collected at 23 Words and Phrases, *Judicial Discretion* at 496–508 (1967 and Cum.Supp.1981). A synthesis of these definitions indicates that judicial discretion is a concept that permits judicial officers, *in the absence of a mandatory statute or other positive rule of law to guide their judgment*, to choose to do or not to do a thing, whichever appears just and equitable under the circumstances.

We in this society live by rule of law and not of man. Government by rule of law means, among other things, that "the government itself is subject to rules of law, and cannot disregard the law, or remake it to suit itself without heeding those procedures specified by law." *Cooper v. Gwinn, supra*. The rule of law we are concerned with here requires that orders granting or refusing probation must contain a statement by the court of the reasons for its action. W.Va.Code § 62–12–8. The appellant is constitutionally entitled to the benefit of this legislative enactment. *See Cooper v. Gwinn, supra*. I hypothesize that this Court would not be so tolerant of judicial infidelity if the primary source of the mandate to the circuit court was an opinion of this Court rather than an enactment of the Legislature. I would remand for resentencing and the entry of a proper order.