289 S.E.2d 739
**STATE of West Virginia**
v.
**Delbert Grober LOTT.**
**No. 14649.**

Supreme Court of Appeals of
West Virginia.

March 26, 1982.

**66**

Stephen Michael Glass, Clarksburg, for plaintiff.

Chauncey H. Browning, Atty. Gen., Richard S. Glaser, Jr., Asst. Atty. Gen. and Frederick S. Wilkerson, Law Clerk, Charleston, for defendant.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Harrison County, entered April 2, 1979, sentencing the appellant, Delbert Grober Lott, to eight months in the Harrison County Correctional Center for the crime of involuntary manslaughter. The appellant contends that the court erred in: (1) failing to direct a verdict in his favor; (2) refusing to give his instructions on the standard of negligence necessary to find a defendant guilty of involuntary manslaughter; (3) failing to grant him probation; and (4) refusing to give him a copy of the probation officer's report. After reviewing the record, we find that the circuit court did not commit error, and we affirm its judgment.

On March 10, 1977, at approximately 8:00 p. m., Pieter Poth was driving a tractor north on State Route 20. His daughter, the decedent, was driving behind him in a second tractor. As the pair proceeded towards home, Mr. Poth became aware of a truck approaching them from the rear. As it drew closer, he motioned his daughter to move to the right, closer to the edge of the road. Despite this precautionary move, the truck, which was driven by the appellant, collided with the daughter's tractor. The daughter then moved left, but was unable to avoid a second collision which shoved the tractor into a pothole. After hitting the pothole, the tractor flipped over, and the daughter was killed.

On January 4, 1978, the Grand Jury attending the January Term, 1978, of the Circuit Court of Harrison County, indicted the appellant for the misdemeanor charge of involuntary manslaughter. Trial was held on July 3, 1978, and the jury returned a verdict of guilty. The court then sentenced the appellant to eight months in the Harrison County Correctional Center.

In examining the record in this case, it is apparent that certain key facts are uncontroverted. First, it is clear that at the time of the accident it was dark, the weather was clear and the roads were dry. Second, it is clear that the appellant was required to submit to a re-examination for his operator's license, the result of which indicated that he was unfit to drive because of poor eyesight.

The state's evidence, as reflected by Pieter Poth's testimony, as well as that of the investigating officer, indicated that the tractor driven by the decedent was equipped with a cab, backup mirror, front bumper, fanny flag, and lights. Pieter Poth's testimony also indicated that no car had passed the tractors in either direction prior to the accident. In addition, he indicated that nothing on the back of the decedent's tractor resembled headlights. His testimony also tended to show that the truck driven by the appellant struck the decedent's tractor twice. Finally, Mr. Poth

indicated that the appellant refused his request for assistance in rescuing his daughter.

The appellant's evidence, as reflected by the testimony of Delbert Lott and his wife, indicated that the appellant had been blinded by a bright light approaching him in the southbound lane of traffic. This testimony further indicated that just prior to the accident the appellant was travelling at a speed of approximately thirty-five to forty miles per hour. The appellant and his wife both maintained that the appellant attempted to avoid the collision by slowing down and moving to the right of the road. Both stated that they did not know what they had hit until after the collision. Finally, both testified that the appellant attempted to help Pieter Poth pull the tractor off the decedent.

## I.

■ "An involuntary manslaughter charge arising from a death resulting from the operation of a motor vehicle requires something more than an act of ordinary negligence or the violation of a motor vehicle statute to sustain the conviction." Syllabus point 1, *State v. Vollmer*, 163 W.Va. 711, 259 S.E.2d 837 (1979). The appellant maintains that based on this standard, the trial court should have directed a verdict in his favor because the state's evidence showed nothing more than mere negligence on his part.

In considering this assignment of error, we are guided by the standard of review formulated by this Court in syllabus point 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978):

In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done.

■ Taken in a light most favorable to the prosecution, the evidence in this case shows that:

1. The road conditions at the time of the accident were clear and dry.

2. The decedent's tractor was properly equipped as required by state law.

3. No vehicles were travelling in the southbound, or oncoming, lane of traffic at the time of the accident.

4. The appellant's truck struck the decedent's tractor twice.

5. The appellant was later found unfit to drive because of poor eyesight.

Having reviewed this evidence, we are not convinced that it was "manifestly inadequate" to convict the appellant of involuntary manslaughter. Neither are we convinced that "consequent injustice" has been done. Therefore, under the standard set forth in *Starkey, supra,* we find no error in the trial court's denial of a directed verdict.

## II.

■ The appellant's second assignment of error rests on the trial court's refusal to give defense instructions nos. thirteen and fourteen. Both instructions dealt with the degree of negligence necessary to find an individual guilty of involuntary manslaughter. However, state's instruction no. one, which was given by the court, also addressed this issue and correctly stated the law as set forth in *Vollmer, supra.* Therefore, the appellant's second assignment of error is not well-founded. " 'Where instructions given clearly and fairly lay down the law of the case, it is not error to refuse other instructions on the same subject. The court need not repeat instructions already substantially given.' Syllabus point 4, *State v. Bingham*, 42 W.Va. 234, 24 S.E. 883 (1896)." Syllabus point 4, *State v. Johnson*, 157 W.Va. 341, 201 S.E.2d 309 (1973).

**68**

### III.

 The appellant's final assignments of error concern the issue of probation. Specifically, the appellant argues that the trial court erred by denying him probation and by denying him a copy of the pre-sentence report.

*W.Va.Code*, 62–12–3, provides in part that:

> Whenever, upon the conviction of any person eligible for probation under the preceding section [§ 62–12–2], it shall appear to the satisfaction of the court that the character of the offender and the circumstances of the case indicate that he is not likely again to commit crime and that the public good does not require that he be fined or imprisoned, the court, upon application or of its own motion, may suspend the imposition or execution of sentence and release the offender on probation . . . .

The record before us indicates that the appellant met the requirements for probation consideration as set forth in *Code*, 62–12–2. However, merely because one qualifies for probation consideration does not mean that probation must be awarded. As the language of *Code*, 62–12–3 clearly indicates, the benefit of probation is not mandatory, but is within the discretion of the trial court. "Probation is a matter of grace and not a matter of right." Syllabus point 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972). Having reviewed the record before us, it does not appear that the trial judge abused his discretion in refusing the appellant probation and, therefore, no error exists.

 With respect to the pre-sentence report, the appellant correctly argues that our decision in *State v. Byrd*, 163 W.Va. 248, 256 S.E.2d 323 (1979), makes it incumbent upon the trial court to provide the defendant or his attorney a copy of the pre-sentence report if requested. However, we make two significant observations. First, our decision in *Byrd* requires that, if requested, the pre-sentencing report be shown to the defendant prior to sentencing. In this case, the appellant admits that he did not request the report until after the sentence had been imposed. Second, the ruling in *Byrd* was limited by our holding that "[t]he subject matter of the rule not rising to a constitutional dimension such rule will be applied to this case and prospectively only." *Byrd, supra* 163 W.Va. at 253, 256 S.E.2d at 325. The decision in *Byrd* was made on June 26, 1979. The appellant was sentenced on April 2, 1979, two months before the ruling in *Byrd.* Therefore, *Byrd* does not apply to this case. As such, we find this final assignment of error to be without merit.

Accordingly, the judgment of the Circuit Court of Harrison County is affirmed.

Affirmed.