332 S.E.2d 277

**STATE of West Virginia**

v.

**Dale TANNER.**

No. 16141.

Supreme Court of Appeals of
West Virginia.

Submitted April 24, 1985.

Decided July 3, 1985.

that the trial court erred in failing to require the production of the investigation report. For that reason we reverse the judgment of the Circuit Court of Wood County. We also conclude that the trial court should have afforded defense counsel an opportunity to inspect the probation report and that it should have been made a part of the record.

J.C. Powell, Hardman & Powell, Parkersburg, for appellant.

Dennis R. Lewis, Asst. Pros. Atty., Parkersburg, for appellee.

PER CURIAM:

The defendant, Dale Tanner, was convicted of delivering marijuana and was sentenced to from one to five years in the State penitentiary. On appeal he makes three assignments of error: (1) that the trial court erred in refusing to allow defense counsel an opportunity to inspect an investigation report prepared by the State's principal witness; (2) that the court indicated prejudice against the defendant's case during closing argument; and (3) that the trial judge improperly denied him probation on the basis of an incomplete investigation report and improperly refused to make that report a part of the record. After reviewing the record, we conclude

I.

During the trial of this case the State introduced evidence showing that on July 29, 1982, the defendant sold a baggie of marijuana to an undercover police officer, Damon Slone. The sale occurred at an apartment located at 1709 Lynn Street in Parkersburg, West Virginia. At the time of the sale at least five adults were present: the defendant, a police officer, Damon Slone, a police informant, Donald Venatter, David Souder, and Brenda McDonald. The testimony of both police operatives, Slone and Venatter, clearly indicated that the defendant was the person who sold marijuana to Officer Slone. The testimony of the defendant and of Brenda McDonald suggested that David Souder had been the party who conducted the sale. David Souder was called as a witness, but invoked the Fifth Amendment protection against self-incrimination.

After the defendant had introduced evidence contradicting the State's witnesses and indicating that Mr. Souder had been the party who had made the sale, the State recalled Officer Slone as a rebuttal witness. After rebutting the testimony of the defendant's witnesses, Slone indicated that he had prepared a report after purchasing the marijuana at the Lynn Street apartment. Defense counsel moved to inspect that report pursuant to Rule 26.2 of the West Virginia Rules of Criminal Procedure. The trial court denied the motion, and defense counsel took exception to the court's ruling. The defendant's first assertion on appeal is that he was entitled to inspect the report under Rule 26.2.

The portion of Rule 26.2 of the West Virginia Rules of Criminal Procedure relevant to the case at hand states:

(a) *Motion for Production*—After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney for the State or the defendant and his attorney, as the case may be, to produce for the examination and use of the moving party any statement of the witness that is in their possession that relates to the subject matter concerning which the witness has testified.

This Rule is patterned after Rule 26.2 of the Federal Rules of Criminal Procedure, and in applying it the Court has looked to Federal precedents for guidance. *State v. Watson*, 173 W.Va. 553, 318 S.E.2d 603 (1984).

In *State v. Watson*, this Court recognized that the refusal of a circuit court to order disclosure proper under Rule 26.2 is error. However, there is substantial Federal authority which indicates the failure to allow inspection does not always constitute prejudicial or reversible error. *United States v. Bruton*, 647 F.2d 818 (C.A. 8th Cir.1981); *United States v. American Radiator & Standard Sanitary Corp.*, 433 F.2d 174 (3d Cir.1970), *cert. denied*, 401 U.S. 948, 91 S.Ct. 928, 28 L.Ed.2d 231 (1971); *United States v. Graves*, 428 F.2d 196 (5th Cir.1970), *cert. denied*, 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269 (1970), 2 C. Wright, Federal Practice & Procedure § 439 (1982). The question of whether the error was harmless or prejudicial hinges upon whether there was a substantial discrepancy between the contents of the prior statement or report and the witness' testimony during trial. *United States v. Sink*, 586 F.2d 1041 (5th Cir.1978), *cert. denied*, 443 U.S. 912, 99 S.Ct. 3102, 61 L.Ed.2d 876 (1979); *see, United States v. Tashjian*, 660 F.2d 829 (1st Cir.1981); *United States v. Robinson*, 585 F.2d 274 (7th Cir.1978), *cert. denied*, 441 U.S. 947, 99 S.Ct. 2171, 60 L.Ed.2d 1051 (1979).

In the case presently before the Court, Officer Slone's investigation report is not in the record, and it is, therefore, impossible to determine whether his testimony during trial varied substantially from the contents of the report. The Court is, therefore, unable to state whether the refusal of the trial court to require the production of the report constituted reversible error.

■ In such situations it has been deemed appropriate to remand the case with directions that the trial court require the production of the report in accordance with the Rules of Criminal Procedure and that it make a determination of whether the report varied from the testimony adduced during trial and whether the defendant was prejudiced by the non-production. *United States v. Sink*, 575 F.2d 485 (5th Cir.1978). The Court is of the opinion that this should be the disposition of the case presently being considered.

## II.

In the course of closing argument defense counsel stated "When you return, your verdict will be cast in stone. There will be no way that this decision can be appealed." The prosecutor objected to the statement on the ground that it constituted a misstatement of the law. Later during closing argument defense counsel proceeded: "... remember that every time the defendant is found not guilty, the State doesn't lose". At this point the State again objected. The objection was sustained and defense counsel then proceeded to say: "... because the government always wins whenever justice is done." The defendant contends that by sustaining the prosecution's objection to his remarks regarding the State not always losing, the court showed a preference for the State's case during trial.

■ In syllabus point 2 of *State v. Kennedy*, 162 W.Va. 244, 249 S.E.2d 188 (1978), it is stated that: "Great latitude is allowed counsel in argument of cases, but counsel must keep within the evidence, not make statements calculated to inflame, prejudice or mislead the jury, nor permit or encourage witnesses to make remarks which would have a tendency to inflame, prejudice or mislead the jury."

■ In the case presently under consideration defense counsel clearly misstated

the law during closing argument when he said that, "There will be no way this decision can be appealed." His later remark that the State did not lose every time a defendant was found not guilty was arguably misleading until he added: "[b]ecause the government always wins whenever justice is done." Given the context, the trial court's rulings did not show a preference for the State's position and were within the discretion given to trial courts to regulate closing argument. *See, State v. Loveless*, 140 W.Va. 875, 888–9, 87 S.E.2d 273, 281–2 (1955).

### III.

Lastly, the defendant claims that the presentence investigation report on which the court based the decision to deny him probation was incomplete. He also claims that the court erred in refusing to make the presentence report, subject to certain exceptions, a part of the record. He states that a report was prepared but not seen by him. He includes in the record of the case an affidavit indicating that the household in which he was living was not investigated and that the occupants of that household were neither examined nor interviewed.

Rule 32(c)(3) of the West Virginia Rules of Criminal Procedure requires a trial court to afford a defendant's counsel an opportunity to read portions of a presentence investigation report prior to the imposition of a sentence to comment upon it, and to introduce evidence on any factual inaccuracy contained in it. In *State v. Godfrey*, 170 W.Va. 25, 289 S.E.2d 660 (1981), the Court examined the effect of this rule and concluded in Syllabus point 1:

"Where a presentence report has been prepared and presented the court shall, upon request, permit the defendant, or his counsel if he is so represented, prior to imposition of sentence, to read the report exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality or any other information which, if disclosed,

might result in harm, physical or otherwise, to the defendant or other persons and the court shall afford the defendant or his counsel an opportunity to comment on the report, and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report." Syl. pt. 1, *State v. Byrd*, 163 W.Va. 248, 256 S.E.2d 323 (1979).

It does not appear that the trial court in the case presently before the Court complied with Rule 32(c)(3) in imposing sentence upon the defendant.

The Court is of the opinion that because the trial court failed to allow defense counsel to inspect Officer Slone's investigation report the defendant's conviction should be reversed, and this case should be remanded to the Circuit Court with directions that the trial judge require the production of Officer Slone's report in accordance with the Rules of Criminal Procedure. If, after inspecting the report, the court finds a substantial and material variation between the contents of the report and Officer Slone's testimony, the trial judge should afford the defendant a new trial. If there is no such variation, the judge should resentence the defendant. In either case, the relevant parts of Officer Slone's investigation report should be made a part of the record, as should the transcript of any hearing that is held.

If the defendant is resentenced, or if he is granted a new trial which results in a conviction, the trial court should give full effect to Rule 32(c)(3) of the Rules of Criminal Procedure relating to disclosure of investigation reports before imposing a sentence upon the defendant.

For the reasons stated, the judgment of the Circuit Court is reversed, and this case is remanded for further development in accordance with this opinion.

Reversed and remanded.