401 S.E.2d 469

**STATE of West Virginia**

v.

**Glendel PLUMLEY.**

**No. 19628.**

Supreme Court of Appeals of
West Virginia.

Dec. 17, 1990.

Rehearing Denied Feb. 6, 1991.

Larry L. Rowe, Henry E. Wood, Charleston, for Glendel Plumley.

Mary Beth Kershner, Asst. Pros. Atty., Charleston, for State of W.Va.

PER CURIAM:

Glendel Plumley appeals from a final order of the Circuit Court of Kanawha County, dated June 13, 1989, which adjudged him guilty, after a jury verdict, of the crime of second degree murder. The appellant contends that the trial court committed reversible error by 1) admitting the appellant's written confession, 2) refusing the appellant's proposed self-defense instruction, 3) violating a statutory requirement by failing to order a presentence report by a probation officer prior to sending the appellant to Huttonsville for evaluation, and 4) refusing to allow the appellant and his counsel to review the presentence report prepared by the Department of Corrections. We disagree with the appellant's contentions and affirm the decision of the circuit court.

I.

On October 11, 1988, Raymond Cantrell was fatally wounded in the apartment of the appellant, Glendel Plumley. Charleston police officers, summoned to the apart-

ment at approximately 9:16 p.m., found Mr. Cantrell lying in a hallway outside the kitchen door of the apartment with two stab wounds in his abdomen. Mr. Cantrell and the appellant had been drinking beer at the apartment and elsewhere throughout most of the day. According to the appellant's testimony at trial, a dispute arose regarding the alleged involvement of Mr. Cantrell's wife with the appellant. During that dispute, Mr. Cantrell allegedly pointed a pistol at the appellant. The appellant testified that he then grabbed a small kitchen knife and stabbed Mr. Cantrell.

After being arrested and advised of his Miranda rights, the appellant informed Officer Carl Hammons that he had stabbed Mr. Cantrell approximately 45 minutes earlier, but that he had not contacted the police immediately because he had gone to purchase more beer and cigarettes. It was only when the appellant's daughter and son-in-law, Diana and Howard Haynes, arrived at the apartment that the police were summoned.

The appellant's written statement was taken by Detective Tom Mullins of the Charleston Police Department shortly after the appellant was arrested. Due to the appellant's illiteracy, a secretary wrote each question and answer in shorthand, the statement was read back to the appellant by Detective Mullins, and the appellant was given the opportunity to make any additions or corrections. The appellant made minor corrections to the statement as it was read back to him and then signed the statement.

During trial of this matter, conducted on February 28, 1989, counsel for the appellant offered a self-defense instruction which would have required the jury to consider the appellant's limited mental ability when deciding the reasonableness of the appellant's perception of Mr. Cantrell's actions.[1] The trial court refused the offered instruction and, instead, gave an instruction which required the jury to apply the reasonable man standard.[2]

Prior to sentencing, the court ordered an evaluation of the appellant by the Depart-

1. The self-defense instruction offered by the appellant and refused by the trial court provided as follows:

DEFENDANT'S JURY INSTRUCTION NUMBER 12

The Court instructs the jury that the defendant, Glendel Plumley, was justified in self defense and in his use of deadly force against Raymond Cantrell if the defendant, Glendel Plumley, held a reasonable belief that Raymond Cantrell posed a serious threat of bodily harm to the defendant, Glendel Plumley, at the time the defendant, Glendel Plumley, used such force. That belief is reasonable if the circumstances then appearing to the defendant, Glendel Plumley, were such that another person with the defendant's same knowledge, intelligence and ability to perceive and understand would have also held a similar belief under such similar circumstances.

2. The self-defense instruction actually given by the court provided as follows:

STATE'S INSTRUCTION NO. 11

The Court instructs the jury that if the defendant, Glendel Plumley, was not the aggressor, and had reasonable grounds to believe and actually did believe that he was in imminent danger of death or serious bodily harm from which he could save himself only by using deadly force against his assailant, he had the right to employ deadly force in order to defend himself. By deadly force is meant force which is likely to cause death or serious bodily harm.

The Court further instructs the jury that in order for the defendant, Glendel Plumley, to have been justified in the use of deadly force in self defense, he must not have provoked the assault on Raymond Cantrell or have been the aggressor. Mere words, without more, do not constitute provocation or aggression.

The Court further instructs the jury that the circumstances under which Glendel Plumley acted must have been such as to produce in the mind of a reasonable prudent person, similarly situated, the reasonable belief that the other person was then about to kill him or to do him serious bodily harm. In addition, the defendant, Glendel Plumley, must have actually believed that he was in imminent danger of death or serious bodily harm and that deadly force must be used to repel it.

The Court further instructs the jury that if evidence of self defense is present, the State must prove beyond a reasonable doubt that the defendant, Glendel Plumley, did not act in self defense. If you find that the State has failed to prove beyond a reasonable doubt that the defendant, Glendel Plumley, did not act in self defense, you must find the defendant, Glendel Plumley, not guilty. In other words, if you have a reasonable doubt that whether or not the defendant, Glendel Plumley, acted in self defense, your verdict must be not guilty.

ment of Corrections at the Huttonsville Diagnostic and Classification Center. The court did not, however, require a formal presentence report from its local probation officers. Furthermore, the court at sentencing refused to disclose the contents of the Department of Corrections' diagnostic evaluation to the appellant and his counsel. The court explained that the Department of Corrections' report had been prepared in lieu of a formal report by its local probation officers and that the confidentiality interests of those evaluating the appellant prevented disclosure of the report to the appellant and his counsel. The court did, however, inform the appellant and his counsel of the substance of the findings, and they were provided an opportunity to comment thereon. The trial court then sentenced the appellant to an indefinite term of incarceration of five to eighteen years.

The appellant bases his appeal on four assignments of error. First, the appellant insists that the trial court erred in admitting the appellant's written confession since the appellant is illiterate and could not accurately verify the statement. Second, he contends that the trial court erred in refusing the appellant's proposed self-defense instruction which would have required the jury to consider the appellant's limited mental ability when deciding the reasonableness of the appellant's actions. Third, he contends that the trial court erred in failing to order its probation officers to prepare a formal presentence report. Fourth, he contends that the trial court erred in refusing to allow the appellant and his counsel to view the presentence report prepared by the Department of Corrections. Because the appellant's third and fourth assignments of error deal with presentence investigations and the disclosure thereof, we consolidate them in our discussion of their merit.

## II.

As we recognized in syllabus point 2 of *State v. Nicholson,* 174 W.Va. 573, 328 S.E.2d 180 (1985), "[a] confession or statement made by a suspect is admissible if it is freely and voluntarily made despite the fact that it is written by an arresting officer if the confession or statement is read, translated (if necessary), signed by the accused and admitted by him to be correct." In *Nicholson,* we encountered a situation wherein the defendant, a functional illiterate, had given a statement to the investigating officer. The officer, as in the present case, had read the statement back to the defendant before the defendant signed it. *Id.,* 174 W.Va. at 575, 328 S.E.2d at 181–82. The trial court in *Nicholson* found the record devoid of any evidence of duress or intimidation and concluded that the statement of the defendant had been properly admitted. *Id.,* 174 W.Va. at 576, 328 S.E.2d at 183. We affirmed the decision of that lower court and found that the defendant's inability to read his written statement did not render the statement inadmissible. *Id.,* 174 W.Va. at 577, 328 S.E.2d at 183–84.

Similarly, in the present case, the evidence indicates that the officer receiving the appellant's statement meticulously advised the appellant of his rights, explained each of those rights, and made certain that the appellant understood them. The appellant's statement was written in shorthand by a secretary and then rewritten in complete form. The investigating officer read the statement back to the appellant, and the appellant made numerous minor changes in the language of the statement. Furthermore, no material variances exist between his confession and his testimony at trial which could, if present, have created some prejudice to his defense. Clearly, the appellant was afforded every necessary safeguard in assuring the accuracy and authenticity of his statement. We fail to perceive any inadequacy in the manner in which the statement was obtained and consequently hold that the statement was properly admitted as evidence at trial. " 'It is a well-established rule of appellate review in this state that a trial court has wide discretion in regard to the admissibility of confessions and ordinarily this discretion will not be disturbed on review.' Syl. Pt. 2, *State v. Vance,* 162 W.Va. 467, 250 S.E.2d 146 (1978)." Syl. Pt. 3, *State v. McDonough,* 178 W.Va. 1, 357 S.E.2d 34 (1987).

**540**

### III.

■ As his second assignment of error, the appellant contends that the trial court erred by failing to give the appellant's offered instruction on the issue of self-defense. We have consistently stated that a defendant may be acquitted of murder charges on the grounds of self-defense where the evidence demonstrates that an accused, who is not the aggressor, believed and had reasonable grounds to believe that he was in imminent danger of losing his life or suffering great bodily harm from which he could save himself only by using deadly force against his assailant. *See State v. W.J.B.*, 166 W.Va. 602, 276 S.E.2d 550 (1981); *State v. Kirtley*, 162 W.Va. 249, 252 S.E.2d 374 (1978); *State v. Green*, 157 W.Va. 1031, 206 S.E.2d 923 (1974).

In addressing the standard by which the reasonableness of an individual's beliefs and actions in self-defense must be judged, we have recognized that the reasonableness of such beliefs and actions must be viewed "in light of the circumstances in which he acted at the time and not measured by subsequently developed facts." *State v. Reppert*, 132 W.Va. 675, 691, 52 S.E.2d 820, 830 (1949). Moreover, we have explained that the reasonableness of the conduct may depend upon past actions of the deceased, including threats, violence, and general reputation. *W.J.B.*, 166 W.Va. at 614, 276 S.E.2d at 556.

The language of the instruction given in the present case is in complete accord with our previous statements of the law of self-defense in West Virginia. It informed the jury that, in order to substantiate a finding of self-defense, the circumstances under which the appellant acted "must have been such as to produce in the mind of a reasonable prudent person, *similarly situated*, the reasonable belief that the other person was then about to kill him or to do him serious bodily harm." (emphasis added). That instruction is substantially similar to the language quoted and approved by this Court in *Kirtley*, 162 W.Va. at 263, 252 S.E.2d at 381, n. 8. The instruction offered by the appellant's attorney and refused by the court would have required the jury to

find that the appellant's beliefs were reasonable "if the circumstances then appearing to the defendant, Glendel Plumley, were such that another person with the defendant's same knowledge, intelligence and ability to perceive and understand would have also held a similar belief under such similar circumstances."

That particular language of the appellant's offered instruction has never been recognized as the law of self-defense in West Virginia. The self-defense instruction given by the lower court, however, was a proper statement of our law on the issue of self-defense. It adequately explained the elements of self-defense and the standards under which the jury must judge the reasonableness of an individual's beliefs and actions. Furthermore, the phrase "similarly situated," modifying "reasonable prudent person," certainly offers the defendant the opportunity to argue what constitutes reasonable prudency in the context of the particular defendant.

" 'Instructions in a criminal case which are confusing, misleading or incorrectly state the law should not be given.' Syllabus Point 3, *State v. Bolling*, 162 W.Va. 103, 246 S.E.2d 631 (1978)." Syl. Pt. 4, *State v. Neary*, 179 W.Va. 115, 365 S.E.2d 395 (1987). Consequently, in determining which instruction to give to the jury, the trial court did not err in choosing the instruction which properly and fully explained the law of self-defense in West Virginia.

### IV.

■ As his final assignment of error, the appellant contends that the trial court failed to require a presentence report from a local probation officer and failed to permit the appellant and his counsel to examine a presentence report which was submitted by the Department of Corrections. Pursuant to W.Va.Code § 62–12–7a (1989), a trial court is authorized to request a presentence evaluation by the Department of Corrections. Prior to such evaluation, however, the statute requires that a local probation officer prepare a presentence report. That report is to be made available

to the Department of Corrections prior to the delivery of the convicted individual to a diagnostic and classification unit of the Department of Corrections.

Upon receipt of a presentence report, a trial court is obligated to reveal to the defendant and his counsel any portion thereof which is not confidential.[3] W.Va.R.Crim.P. 32(c)(3)(A). In Syllabus Point 1 of *State v. Byrd*, 163 W.Va. 248, 256 S.E.2d 323 (1979), we stated the following:

> Where a presentence report has been prepared and presented the court shall, upon request, permit the defendant, or his counsel if he is so represented, prior to imposition of sentence, to read the report exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons and the court shall afford the defendant or his counsel an opportunity to comment on the report, and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report.

In *Byrd*, we stated that a determination of confidentiality may be made by the court and that the court may refuse to disclose any portion deemed confidential pursuant to the guidelines set forth in Rule 32(c)(3)(A). 163 W.Va. at 252, 256 S.E.2d at 325. Specifically, under that provision, a report is to be disclosed unless it "contains diagnostic opinions which, if disclosed, might seriously disrupt a program of rehabilitation; or sources of information obtained upon a promise of confidentiality; or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons." W.Va.R.Crim.P. 32(c)(3)(A). Where the trial court, in its discretion, determines that a presentence report should not be disclosed, the court "shall state orally or in writing a summary of the factual information contained therein to be relied on in determining sentence, and shall give the defendant and his counsel an opportunity to comment thereon." W.Va.R.Crim.P. 32(c)(3)(B).

In the present case, the lower court did order an evaluation of the appellant by the Department of Corrections. Pursuant to W.Va.Code § 62–12–7a, the court also provided the Department of Corrections with a brief presentence report prepared by the local probation department.[4] Upon review of the diagnostic evaluation submitted by the Department of Corrections, the trial court determined that the evaluation contained information of a confidential nature and refused to disclose the evaluation to the appellant or his counsel. Specifically, the trial court indicated a concern that a

3. Rule 32(c)(3)(A) and (B) of the West Virginia Rules of Criminal Procedure provide as follows:

(A) At a reasonable time before imposing sentence the court shall permit the defendant and his counsel to read the report of the presentence investigation exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinions which, if disclosed, might seriously disrupt a program of rehabilitation; or sources of information obtained upon a promise of confidentiality; or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons. The court shall afford the defendant and his counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.

(B) If the court is of the view that there is information in the presentence report which should not be disclosed under subdivision (c)(3)(A) of this rule, the court in lieu of making the report or part thereof available shall state orally or in writing a summary of the factual information contained therein to be relied on in determining sentence, and shall give the defendant and his counsel an opportunity to comment thereon. The statement may be made to the parties in camera.

4. It is unclear in the record whether the appellant and his counsel were aware that the brief presentence report was prepared by local probation officers and provided to the Department of Corrections. Regardless of their knowledge of that transaction, the fact that the local probation officer did provide a report indicates compliance by the trial court with the relevant statute.

compromise of the confidentiality of the original report would hinder Department of Corrections personnel in the performance of their subsequent evaluations. The trial court, as required by *Byrd*, summarized the conclusions stated in the evaluation and afforded the appellant and his counsel an opportunity to comment thereon. Thus, we find that the trial court complied with the specific requirements of W.Va.Code § 62–12–7a and W.Va.R.Crim.P. 32(c)(3).

We do, however, take this opportunity to address the manner in which a trial court should endeavor to comply with W.Va.R.Crim.P. 32(c)(3). In the present case, the trial court refused to allow the appellant or his counsel to view any portion of the diagnostic evaluation. Furthermore, the trial court presented only a very brief summary of the evaluation to the defendant and his counsel.[5]

Generally, a defendant has a right to read and review his presentence investigation report, except to the extent that it contains confidential or harmful information as defined in W.Va.R.Crim.P. 32(c)(3)(A). As we stated in *State v. Godfrey*, 170 W.Va. 25, 289 S.E.2d 660 (1981), a diagnostic evaluation, such as that obtained in the present case, is to be treated in the same manner as a presentence report. The refusal to disclose a presentence report or diagnostic evaluation or portions thereof is within the sound discretion of the trial court, and consequently, must be accorded great deference. Such discretion, however, does not justify a blanket failure to disclose. A trial court may be on sounder footing in its determination not to disclose if specific findings regarding the confidential or damaging nature of particular portions of a presentence investigation are made and where portions which are not specifically disallowed are revealed.

Based upon our review of the record and arguments of counsel, we affirm the deci-

sion of the Circuit Court of Kanawha County.

Affirmed.

---

5. In summarizing the diagnostic report during a June 13, 1989, hearing, the trial court stated: "And what is in the report is that alcohol is a big problem and the defendant needs help with it. That's about all it says." Although the court's summary was extremely abbreviated, an examination of the report reveals that it was fairly accurate in its characterization of the report's contents.