367 S.E.2d 757

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Allen Lee MOORE, Defendant Below, Appellant.**

**No. 71538.**

Supreme Court of Appeals of West Virginia.

March 31, 1988.

Richard A. Bush, Bush & Trippel, Parkersburg, for Allen Lee Moore.

Jill Miles, Atty. Gen. Office, Charleston, for State.

PER CURIAM:

The defendant was charged with receiving stolen property in a single count indictment. The defendant entered into a plea bargain with the State, and on June 9, 1986, the defendant entered a plea of guilty to the charge contained in the indictment. The documents that contain this agreement state that no promises or other inducements led him to plead guilty and that the State would not oppose a presentence investigation. However, the question of a

proper sentence was left in the trial court's discretion.

On July 30, 1986, the Circuit Court of Taylor County sentenced the defendant to confinement in the State penitentiary for a term of not less than one nor more than ten years. In sentencing the defendant, the circuit court made statements indicating that his sentence was based to a great extent upon the defendant's alleged use of minors through intimidation in his alleged crimes and upon his arrest record as stated in the presentence report. Many of the circuit court's statements pertained to matters not covered in the presentence report but, rather, were contained in a confidential victim impact statement. The defendant was not given an opportunity to rebut these adverse statements. The defendant then filed motions to withdraw his guilty plea and for reduction of sentence, but both of these motions were denied.

■ The defendant asserts that there was a conflict of interest because his lawyer also represented another person who was involved in criminal activity related to his own crimes. In this regard, however, we have held that one who claims ineffective assistance of counsel because of conflict of interest "must demonstrate that the conflict is actual and not merely theoretical or speculative." See Syllabus Point 3, *State ex rel. Postelwaite v. Bechtold,* 158 W.Va. 479, 212 S.E.2d 69 (1975). Our examination of the record shows that the defendant was not jointly indicted with his counsel's other accused, and we perceive no actual conflict of interest. We find no error.

■ Defendant sought to have his guilty plea withdrawn after the imposition of sentence. In Syllabus Point 3 of *State ex rel. Burton v. Whyte,* 163 W.Va. 276, 256 S.E.2d 424 (1979) we held:

"A guilty plea based on competent advice of counsel represents a serious admission of factual guilt, and where an adequate record is made to show it was voluntarily and intelligently entered, it will not be set aside."

Our own examination of the record indicates that the defendant made no showing of the incompetency of his counsel. Furthermore, we note that the defendant's plea was originally entered pursuant to a written plea agreement. Our review of the record indicates that the defendant was satisfied with his plea agreement until he was sentenced to prison. Because his agreement, by its own terms, provided that the judge could impose a prison sentence, we find no error.

■ In imposing sentence, the trial judge relied upon the contents of a confidential victim impact statement that contained information adverse to the defendant and not contained in the presentence report. With regard to the presentence report, we held in Syllabus Point 1 of *State v. Godfrey,* 170 W.Va. 25, 289 S.E.2d 660 (1981):

" 'Where a presentence report has been prepared and presented the court shall, upon request, permit the defendant, or his counsel if he is so represented, prior to imposition of sentence, to read the report exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons and the court shall afford the defendant or his counsel an opportunity to comment on the record, and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report.' Syl. pt. 1, *State v. Byrd,* [163] W.Va. [248], 256 S.E.2d 323 (1979)."

We believe the defendant should have been afforded an opportunity to view this confidential statement and to introduce evidence or to make argument to rebut the circuit court's inferences arising from matters contained in this confidential statement

made by one of the defendant's alleged victims.

For the reasons set forth above, the trial court's denial of the defendant's motion to set aside the guilty plea is affirmed, but the judgment is reversed and the case is remanded for the purpose of allowing the defendant to review the confidential statement discussed above and to present rebuttal evidence.

Affirmed, in part, Reversed, in part, and Remanded.