375 S.E.2d 435

**STATE of West Virginia**

v.

**James Paul HADDIX.**

No. 17697.

Supreme Court of Appeals of West Virginia.

Dec. 1, 1988.

Hugh Rogers, Kerens, for Haddix.

Jill Miles, Asst. Atty. Gen., Charleston, for State.

PER CURIAM:

This case is before this Court upon the appeal of James Paul Haddix from the June 5, 1986 and July 31, 1986 orders of the Circuit Court of Taylor County, which, respectively, denied the appellant's motion to set aside the May 8, 1986 jury verdict of guilty on a burglary indictment, and ordered the appellant to serve one to fifteen

years in the West Virginia State Penitentiary at Moundsville. The appellant contends that he was denied effective assistance of counsel due to the conflicting interests of his appointed trial counsel who also served as counsel for another individual who was separately indicted and separately plea bargained regarding another crime. We affirm.

The appellant, James Paul Haddix, and two others, Wilbur Nelson Kennedy and Jimmy Dean Workman, were jointly indicted for burglarizing a dwelling of approximately $5,000 of household furnishings on November 14, 1985. In a related matter, Allen Lee Moore was separately indicted for receiving the stolen household furnishings from Kennedy and Workman.[1]

The investigation of the burglary lead local law enforcement officers to Moore, who was housing the goods. Moore implicated Kennedy and Workman, who sold him the goods. Workman and Kennedy, in turn, implicated the appellant, Haddix, as joining them in the burglary. Workman and Kennedy pled guilty in exchange for their testimony against Haddix.

Haddix was appointed counsel in February, 1986. At a hearing conducted on April 18, 1986, counsel for Haddix offered to represent Moore, as well as Haddix:

MR. MORRIS: Your Honor, I represent an individual by the name of James Paul Haddix—who, it is alleged, took part in a breaking and entering or larceny which is somewhat involved in the charge against Mr. Moore. I have spoken with Mr. Moore about this, we are both of the opinion—I believe Mr. Moore is of the opinion—there would not be a conflict in this case, and, therefore, I would be willing—if Mr. Moore would be willing—to represent him.

THE COURT: Well, of course, Mr. Moore has nothing to say about it. The people of the State of West Virginia are going to pay you to represent him, but what I will do—I will appoint you to

1. Moore pled guilty to receipt of stolen property and was sentenced on July 30, 1986 (the same date as Haddix was sentenced) to serve one to ten years in the penitentiary. *See State v. Moore*, 179 W.Va. 288, 367 S.E.2d 757 (1988).

represent Mr. Moore in this charge, and if it becomes apparent to you, at any time, that there is a conflict because of your previous representation of a Mr. Haddix, or anyone else of any conflict, why, if you will notify the Court I will release you from your representation and appoint other counsel.

(Transcript of proceedings in *State v. Moore*, at 3–4).[2]

Four days later, a jury was selected. Haddix's trial commenced on May 8, 1986. Kennedy and Workman testified that they were drinking with Haddix, went to a house, and boosted Haddix through a transom, so that Haddix could unlock the door. Kennedy and Workman then took one article, a microwave oven, to a building owned by Moore. Haddix remained at the site of the burglary until the two returned with a truck. The three then loaded furniture and other items onto the truck. Workman and Kennedy then took the goods to Moore. Moore paid Kennedy and Workman $150. Both Kennedy and Workman testified that they divided the proceeds with Haddix. No other evidence linked Haddix to the crime.

The sole witness for the defense was Haddix, who admitted being with Kennedy and Workman prior to the burglary but stated that he left their company and spent the evening "in town." The jury convicted the appellant of burglary.

A sentencing hearing was conducted on July 30, 1986, and Haddix was sentenced to serve one to fifteen years in the penitentiary, as reflected in the court's July 31, 1986 order. At the sentencing hearing, the court noted that "the most outstanding

fact" about the appellant's presentence investigation was his lengthy adult arrest record. During the course of the presentence investigation, the appellant continued to maintain his innocence.

On the same date as the appellant's sentencing hearing, Moore was sentenced to serve one to ten years in the penitentiary for his guilty plea to receipt of stolen property. Moore, in his mid-thirties, is at least ten years older than Haddix, Workman and Kennedy. Haddix, 24, has an IQ of 70 and an eighth-grade education. The trial judge based Moore's sentence upon his reputation for harboring young men and manipulating them to steal goods for his benefit. *See State v. Moore*, 179 W.Va. 288, 367 S.E.2d 757 (1988).

New counsel was appointed for the purposes of perfecting an appeal. As his sole assignment of error, appellant contends he was denied effective assistance of counsel due to a conflict of interest created by trial counsel's dual representation of Haddix and Moore.

'The joint representation by counsel of two or more accused, jointly indicted and tried is not improper *per se;* and, one who claims ineffective assistance of counsel by reason of conflict of interest in the joint representation must demonstrate that the conflict is actual and not merely theoretical or speculative.' Syl. pt. 3, *State ex rel. Postelwaite v. Bechtold*, 158 W.Va. 479, 212 S.E.2d 69 (1975). Syllabus, *State v. Livingston*, 179 W.Va. 206, 366 S.E.2d 654 (1988). *See also State v. Reedy*, 177 W.Va. 406, 411 n. 6, 352 S.E.2d 158, 163 n. 6 (1986).[3]

---

2. Originally, the Court had appointed the same counsel to represent both Moore and Kennedy. Since Moore had implicated Kennedy, and Kennedy was willing to enter into a plea agreement which required testimony concerning Haddix, as well as Moore, counsel withdrew from Moore's case. Haddix' trial counsel, present at the hearing, then made the above interjection.

The discussion quoted above was the only discussion in the record concerning a possible conflict. Both parties have relied upon it in their briefs, and it appears in the designated record before the Court in *State v. Moore*.

3. Moore appealed his conviction and also raised conflict of interest. The Court, applying the

*Postelwaite* standard, briefly addressed the issue when it held that "the defendant was not jointly indicted with his counsel's other accused, and we perceive no actual conflict of interest". *State v. Moore*, 179 W.Va. 288, 290, 367 S.E.2d 757, 759 (1988).

*W.Va.R.Crim.P.* 44(c) provides:

(c) *Joint Representation.* Whenever two or more defendants have been jointly charged pursuant to Rule 8(b) or have been joined for trial pursuant to Rule 13, and are represented by the same retained or assigned counsel or by retained or assigned counsel who are associated in the practice of law, the court shall promptly inquire with respect to such joint

As stated in *Postelwaite*, "[c]onjecture and surmise will not suffice to brand counsel, appointed or retained, ineffective in the representation of one accused of crime." *Postelwaite*, 158 W.Va. 479, 489, 212 S.E.2d 69, 75.

The appellant contends that he was harmed by an actual conflict, in that trial counsel's choice of trial strategy was influenced by the dual representation.[4] Appellate counsel alleges that due to the dual representation, trial counsel selected the wrong theory of the case. Apparently based upon the trial judge's comments concerning Moore's reputation, appellate counsel views the proper theory of the case as focusing on the older Moore's manipulation of the young, semi-illiterate Haddix, and others.

Haddix' trial counsel took the Moore case four days before Haddix' trial date. Haddix, under oath, denied his presence at the burglary. Haddix continued to maintain his innocence during the presentence investigation. Appellate counsel's retrospective theory of the case simply does not correlate with the evidence available to trial counsel at the time of trial. It is pure conjecture to assume that the dual representation caused Haddix to testify as he did.

Haddix maintained his innocence, contrary to the testimony of his alleged co-conspirators, Workman and Kennedy. Moore did not testify against Haddix, and in fact, all evidence in the record suggests that during the investigation of the burglary, Moore never implicated Haddix. Moore implicated Workman and Kennedy, who, in turn, implicated Haddix. We therefore see no actual conflict which affected counsel's representation of Haddix.

 Finally, on a related note, appellate counsel contends that trial counsel could have used the theory of Moore's manipulation of Haddix during sentencing. Moore and Haddix were sentenced on the same date. The trial judge was fully aware of Moore's reputation. *See State v. Moore, supra.* Nonetheless, based in large part upon Haddix' lengthy adult arrest record, the trial judge sentenced Haddix to serve the term of one to fifteen years, as prescribed by *W. Va. Code*, 61–3–11 [1973]. We see nothing in the record that suggests the sentence was in any way affected by the dual representation. Similarly, appellate counsel contends that trial counsel should have sought a plea agreement for Haddix. There is nothing in the record we have before us that suggests a plea arrangement was ever considered or offered.

Based on the foregoing, we cannot conclude that the appellant has established an actual conflict of interest which affected trial counsel's representation of the appellant.[5]

AFFIRMED.

---

representation and shall personally advise each defendant of his right to effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel.

As stated in note 6 of *Reedy, supra,* rule 44(c) contains the standard to be applied by the trial judge, in the first instance; however, *Postelwaite* remains the standard for appellate review.

**4.** Syllabus point 3, *State v. Watson,* 164 W.Va. 642, 264 S.E.2d 628 (1980) states:

'Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused.' Syllabus Point 21, *State v. Thomas* [157] W.Va. [640], 203 S.E.2d 445 (1974).

**5.** Since we find that the appellant has not established an actual conflict, we need not address the State's argument in the alternative, that if a conflict existed, it was waived by trial counsel's failure to bring the issue to the trial court's attention (as the trial judge had requested at the outset).