485 S.E.2d 702

**STATE of West Virginia ex rel. Glen AARON, Kimberly Brogan, Brian Russell Clark, Brent McCrea, Roy Deangelo Sharpless and Robert Lee Williams, Relators,**

**v.**

**Honorable Charles E. KING, Judge of the Circuit Court of Kanawha County, and John J. Myatt, Chief Probation Officer for the Thirteenth Judicial Circuit, Respondents.**

No. 23932.

Supreme Court of Appeals of West Virginia.

Submitted March 25, 1997.

Decided April 11, 1997.

534

George Castelle, LaDonna Saria, Office of the Public Defender, Charleston, for Relators.

Charles E. King, Judge of the Circuit Court of Kanawha County, John J. Myatt, Chief Probation Officer for the Thirteenth Judicial Circuit, Respondents, No appearance.

DAVIS, Justice:

The relators in this original proceeding in mandamus petition this Court for a writ of mandamus to compel the respondents, the Honorable Charles King, Chief Circuit Judge, Thirteenth Judicial Circuit, and John J. Myatt, Chief Probation Officer, Thirteenth Judicial Circuit, to provide the petitioners and their counsel with copies of their respective presentence reports as required by Rule 32 of the West Virginia Rules of Criminal Procedure. We find that West Virginia circuit court judges and probation officers are required, under Rule 32, to assure that defendants and their counsel are provided with copies of the presentence investigation report prepared pursuant to subsection (b) of the Rule.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The petitioners, Glen Aaron, Kimberly Brogan, Brian Clark, Brent McCrea, Roy Sharpless, and Robert Williams [hereinafter collectively referred to as the defendants], who are representative clients of the Kanawha County Public Defender Office, complain that the Kanawha County Probation Department, under the supervision and direction of the Chief Judge of the Thirteenth Judicial Circuit of West Virginia, has refused to provide the defendants and their counsel with copies of their respective presentence investigation reports as required by Rule 32 of the West Virginia Rules of Criminal Procedure. The defendants assert that they have repeatedly attempted, through administrative channels and by motion in their individual cases, to secure compliance with the requirements of Rule 32 to no avail. Consequently, the defendants petitioned this Court for a writ of mandamus. On January 8, 1997, we issued a rule to show cause. We now grant the writ.

## II.

### MANDAMUS

■ We first review the standards for issuing a writ of mandamus. "Since mandamus is an 'extraordinary' remedy, it should be invoked sparingly." *State ex rel. Billings v. City of Point Pleasant,* 194 W.Va. 301, 303, 460 S.E.2d 436, 438 (1995) (footnote omitted). *See also State ex rel. Frazier v. Meadows,* 193 W.Va. 20, 31, 454 S.E.2d 65, 76 (1994) ("It is well established in this jurisdiction that a writ of mandamus is only granted in extraordinary circumstances."). "The traditional use of mandamus has been to confine an administrative agency or an inferior court to a lawful exercise of its prescribed jurisdiction or 'to compel it to exercise its authority when it is its duty to do so.' *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185, 1190 (1943); *State ex rel. Frazier v. Meadows,* 193 W.Va. 20, 31, 454 S.E.2d 65, 76 (1994)." *Billings* at 303, 460 S.E.2d at 438.

■ We have set forth three criteria that must be met before the issuance of a writ of mandamus is deemed proper:

A writ of mandamus will not issue unless three elements coexist—(1) a clear right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy. Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969).

Syl. pt. 5, *State ex rel. Frazier v. Meadows,* 193 W.Va. 20, 454 S.E.2d 65 (1994). We have further explained that "[o]nce these prerequisites are met, this Court's decision whether to issue the writ is largely one of discretion." *Billings* at 304, 460 S.E.2d at 439 (footnote omitted). With these standards in mind, we proceed to a consideration of the issue raised by the defendants.

## III.

## DISCUSSION

█ The issue presented in this original proceeding is whether probation officers, under the supervision of circuit court judges, are required under Rule 32 of the West Virginia Rules of Criminal Procedure to provide defendants and their counsel with copies of the presentence investigation report prepared pursuant to subsection (b)(6) of Rule 32. The relevant portion of Rule 32(b)(6) states:

> Disclosure and objections.—(A) Within a period prior to the sentencing hearing, to be prescribed by the court, the probation officer must furnish the presentence report to the defendant, the defendant's counsel, and the attorney for the state. The court may, by local rule or in individual cases, direct that the probation office not disclose the probation officer's recommendation, if any, on the sentence.

> (B) Within a period prior to the sentencing hearing, to be prescribed by the court, the parties shall file with the court any objections to any material information contained in or omitted from the presentence report.

W. Va. R.Crim. P. 32(b)(6) (as amended, effective January 1, 1996).

The defendants argue that Rule 32 creates a mandatory duty to provide a copy of the presentence investigation report to its subject criminal defendant and his or her counsel.[1] The defendants contend that the respondents' repeated refusal to comply with the disclosure provisions of Rule 32 have caused a continuing impediment to meaningful review of presentence reports by defendants awaiting sentencing. Consequently, such defendants have been denied the opportunity to correct any errors that might be discovered through meaningful review. The defendants maintain further that these problems are exacerbated when a defendant is in jail and is, therefore, unable to review his or her presentence report prior to the beginning of the sentencing hearing. We agree that Rule 32 mandates that criminal defendants be provided with a copy of the presentence investigation report prepared in anticipation of their sentencing.

There is no West Virginia case law interpreting Rule 32 in its current form. However, our rule is substantially similar to Rule 32 of the Federal Rules of Criminal Procedure.[2]

---

1. We are not asked to address the right of a third party to disclosure of a presentence investigation report.

2. Federal Rule of Criminal Procedure 32(b)(6) (as amended, effective December 1, 1996), provides:

   (6) Disclosure and objections.
   (A) not less than 35 days before the sentencing hearing—unless the defendant waives this minimum period—the probation officer must furnish the presentence report to the defendant, the defendant's counsel, and the attorney for the Government. The court may, by local rule or in individual cases, direct that the probation officer not disclose the probation officer's recommendation, if any, on the sentence.
   (B) within 14 days after receiving the presentence report, the parties shall communicate in writing to the probation officer, and to each other, any objections to any material information, sentencing classifications, sentencing guideline ranges, and policy statements con-

tained in or omitted from the presentence report. After receiving objections, the probation officer may meet with the defendant, the defendant's counsel, and the attorney for the Government to discuss those objections. The probation officer may also conduct a further investigation and revise the presentence report as appropriate.
   (C) not later than 7 days before the sentencing hearing, the probation officer must submit the presentence report to the court, together with an addendum setting forth any unresolved objections, the grounds for those objections, and the probation officer's comments on the objections. At the same time, the probation officer must furnish the revisions of the presentence report and the addendum to the defendant, the defendant's counsel, and the attorney for the Government.
   (D) except for any unresolved objection under subdivision (b)(6)(B), the court may, at the hearing, accept the presentence report as its findings of fact. For good cause shown, the

Consequently, we find the advisory notes accompanying Federal Rule 32 are useful in interpreting our rule. *See, e.g., State ex rel. Paige v. Canady*, 197 W.Va. 154, 160, 475 S.E.2d 154, 160 (1996) ("Because the language contained in Rule 26(c) of the West Virginia Rules of Civil Procedure is nearly identical to Rule 26(c) as contained in the Federal Rules of Civil Procedure, we look to federal case law for guidance.").[3] In our view, the advisory notes relating to revisions made to earlier versions of Federal Rule 32, which ultimately led to the rule as presently stated, are particularly useful in determining the intent behind the language contained in the current rule.

Prior to 1989, the federal provisions regarding disclosure of the presentence investigation report, found in subsection (c)(3) of Federal Rule 32, provided that a defendant and his or her counsel would be permitted only to read the report, with certain restrictions upon the information contained therein, at a reasonable time before imposing sentence. Fed.R.Crim.P. 32(c)(3)(A) (as amended, effective August 1, 1987). The rule stated further that any copies of the report made available to the defendant and his or her counsel must be returned to the probation officer immediately following the sentencing proceeding, unless the court directed otherwise. Fed.R.Crim.P. 32(c)(3)(E) (as amended, effective August 1, 1987).

The provisions of Federal Rule 32(c) relating to disclosure of the presentence investigation report were amended in 1989 to state, in part:

(3) Disclosure.—

(A) At least 10 days before imposing sentence, unless this minimum period is waived by the defendant, the court shall provide the defendant and the defendant's counsel with a copy of the report of the presentence investigation, including the information required by subdivision (c)(2) but not including any final recommendation as to sentence, and not to the extent that in the opinion of the court the report contains diagnostic opinions, which if disclosed, might seriously disrupt a program of rehabilitation; or sources of information obtained upon a promise of confidentiality; or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons. The court shall afford the defendant and the defendant's counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.

Fed.R.Crim.P. 32(c)(3)(A) (as amended, effective December 1, 1989). In addition, the provisions requiring that copies of the report be returned to the probation officer, previously found in subsection 32(c)(3)(E), were omitted. The advisory committee notes that accompanied the 1989 amendments explained, in part:

The language *requiring the court to provide the defendant and defense counsel with a copy of the presentence report* complements the abrogation of subdivision (E), which had required the defense to return the probation report. Because a defen-

---

court may allow a new objection to be raised at any time before imposing sentence.

**3.** One significant difference between West Virginia Rule 32 and Federal Rule 32 is that the Federal Rule requires disclosure of the presentence investigation report 35 days before the sentencing hearing, while the West Virginia rule states only that the report be disclosed "[w]ithin a period prior to the sentencing hearing." W. Va. R.Crim. P. 32(b)(6)(A). The proposed amended version of West Virginia Rule 32 first considered by this Court provided for disclosure of the presentence investigation report 35 days in advance of the sentencing hearing. By order entered June 14, 1995, we approved a period of public comment with regard to the proposed amendments to Rule 32. Comments were subsequently received from several interested groups,

including circuit court judges, prosecuting attorneys and probation officers. While the comments overwhelmingly expressed concern with the additional costs and delays that would result from the 35–day disclosure requirement, which explains why our rule places the timing of disclosure within the discretion of the circuit courts, neither the judges nor the prosecutors expressed any concern with or objection to providing the defendant and the defendant's counsel with a copy of the presentence investigation report, and only one probation officer objected to the defendant receiving a copy of the report. Moreover, a few of the responding judges indicated that their court procedures already allowed for the defense to be provided with copies of the presentence investigation report.

dant or the government may seek to appeal a sentence, an option that is permitted under some circumstances, there will be cases in which the defendant has a need for the presentence report during the preparation of, or the response to, an appeal. This is one reason why the Committee decided that the defendant should not be required to return the nonconfidential portions of the presentence report that have been disclosed. Another reason is that district courts may find it desirable to adopt portions of the presentence report when making findings of fact under the guidelines. They would be inhibited unnecessarily from relying on careful, accurate presentence reports if such reports could not be retained by defendants. A third reason why defendant [sic] should be able to retain the reports disclosed to them is that the Supreme Court's decision in *United States Department of Justice v. Julian,* 48[6] U.S. [1] (1988), 108 S.Ct. 1606 [100 L.Ed.2d 1] (1988), suggests that defendants will routinely be able to secure their reports through Freedom of Information Act suits. No public interest is served by continuing to require the return of reports, and unnecessary FOIA litigation should be avoided as a result of the amendment to Rule 32.

124 F.R.D. 397, 425 (1989) (advisory committee's notes to Fed.R.Crim.P. 32(c) (as amended, effective December 1, 1989)).

The presentence investigation report disclosure provisions of Federal Rule 32 were again amended in 1994.[4] As part of these amendments, the disclosure provisions were moved to subsection (b). In addition, the amended rule increased the disclosure period from 10 days to 35 days prior to the sentencing hearing. The advisory committee notes accompanying the 1994 amendments explain, in part:

Subdivision (b)(6), formerly (c)(3), includes several changes which recognize the key role the presentence report is playing under guideline sentencing. The major thrust of these changes is to address the problem of resolving objections by the parties to the probation officer's presentence report. Subdivision (b)(6)(A) now provides that the probation officer must present the presentence report to the parties not later than 35 days before the sentencing hearing (rather than 10 days before imposition of the sentence) in order to provide some additional time to the parties and the probation officer to attempt to resolve objections to the report.

154 F.R.D. 433, 498 (1994) (advisory committee notes to Fed.R.Crim.P. 32(b) (as amended, effective December 1, 1994)). Our determination that W. Va. Rule 32 requires that defendants and their respective counsel be provided with copies of the presentence investigation report is supported by these notes, which establish clearly that a defendant is entitled to receive a copy of his or her presentence report under the federal rules.

We believe that disclosure, in the form of copies of the presentence investigation report supplied to the defendant and the defendant's counsel prior to the sentencing hearing, provides the defense a greater opportunity for meaningful review of the report. Furthermore, the provisions of 32(b)(6)(B), which require the parties to submit to the court any objection to material information contained in the report, within a period prior to the sentencing hearing, may allow the parties more time to investigate and/or correct information that prompted an objection. As a result of this process, the circuit courts are provided with more accurate information upon which to base sentencing. This is particularly important because sentences based on inaccurate information may, in some circumstances, require reversal on due process grounds. *See Roberts v. United States,* 445 U.S. 552, 556, 100 S.Ct. 1358, 1362, 63 L.Ed.2d 622, 628 (1980) ("We have, however, sustained due process objections to sentences imposed on the basis of 'misinformation of constitutional magnitude.' ") (citing *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592, 596 (1972), and *Townsend v. Burke,* 334 U.S. 736, 740–41, 68

4. See *supra* note 2 for the current text of Rule 32, which contains only minor stylistic changes from the 1994 version.

S.Ct. 1252, 1255, 92 L.Ed. 1690, 1693 (1948)). *See also United States v. Inglesi,* 988 F.2d 500, 502 (4th Cir.1993) ("Due process may be violated in sentencing by the use of inaccurate information.") (citing *United States v. Headspeth,* 852 F.2d 753, 755 (4th Cir.1988)).

Finally, we find support for our view in the *ABA Standards for Criminal Justice Sentencing.* The American Bar Association recommends the following standard:

(a) The rules of procedure should entitle the parties to copies of the written presentence report and any similar reports.

(b) The rules should provide that the information made available to the parties must be disclosed sufficiently prior to the sentencing hearing to afford a reasonable opportunity for challenge and verification of material information.in the report.

(c) All communications to a court by the agency responsible for preparing the presentence report should be in writing and subject to the right of the parties to know the content of the report. The rules should prohibit confidential sentencing recommendations.

*ABA Standards for Criminal Justice Sentencing, Third Edition,* 18–5.7 (1994). The commentary accompanying this ABA Standard states, in part:

This Standard addresses [an] important matter[ ] subsidiary to the right of the parties to examine presentence reports. Disclosure, to be meaningful, must be timely....

To permit adequate opportunity for challenge and verification of information in presentence reports, disclosure to the parties must take place reasonably prior to sentencing hearings. Disclosures at sentencing hearings or shortly before those hearings will give rise to the necessity for

continuances that disrupt expeditious judicial administration.

*Id.,* Commentary.

Based upon the foregoing, we hold that West Virginia Rule of Criminal Procedure 32 requires that a criminal defendant and his or her counsel be provided with a copy of the presentence investigation report prepared in accordance with subsection (b) of the rule. To the extent that Syllabus point 1 of *State v. Byrd,* 163 W.Va. 248, 256 S.E.2d 323 (1979), states otherwise,[5] our prior holding is hereby modified.

■ In addition, we note that, under subsection (c)(3)(A) of West Virginia Rule of Criminal Procedure 32, "[b]efore imposing sentence, the court must ... verify that the defendant and defendant's counsel have read and discussed the presentence report made available under subdivision (b)(6)(A)." To assure that a circuit court's compliance with this provision is preserved on the record, we adopt the standard employed by a majority of the Federal Circuit Courts of Appeal in construing the federal rule. Thus, we hold that a circuit court "must, without exception, determine [on the record] that a defendant has had the opportunity to read and discuss the presentence investigation report with his counsel," and the record should demonstrate that such opportunity has been provided or extended to a defendant. *United States v. McManus,* 23 F.3d 878, 884–85 (4th Cir.1994) (quoting *United States v. Miller,* 849 F.2d 896, 897–98 (4th Cir.1988)). "[T]he simplest and most direct way for the [circuit] court to make this determination is simply to ask the defendant, his lawyer, or both. [However, we do not require that the circuit court] must always expressly ask whether the report has been read and discussed. We recognize that often a statement by counsel or defendant

---

**5.** In Syllabus point 1 of *State v. Byrd,* we held:

Where a presentence report has been prepared and presented the court shall, upon request, permit the defendant, or his counsel if he is so represented, prior to imposition of sentence, *to read the report* exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a

promise of confidentiality or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons and the court shall afford the defendant or his counsel an opportunity to comment on the report, and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report. 163 W.Va. 248, 256 S.E.2d 323 (1979) (emphasis added).

will unequivocally demonstrate that the report has been read and discussed by them." *Id.* at 885.[6]

■ Finally, we wish to address the concerns raised by one of the respondents to this matter. The Honorable Charles E. King, Jr., submitted a letter to this Court expressing that the judges of the Thirteenth Judicial Circuit, along with Mr. Myatt, Chief Probation Officer for the Thirteenth Judicial Circuit, did not intend to file a response to the defendants' petition for a writ of mandamus. However, in the letter Judge King expressed his concern that providing copies of the presentence investigation report would result in the release of confidential information contained in the report (i.e. names and addresses of witnesses).

We find that Judge King's concerns are adequately addressed by Rule 32. Previously, the West Virginia Rules of Criminal Procedure mandated that the report of the presentence investigation contain "any prior criminal record of the defendant and such information about his characteristics, his financial condition, and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court." W. Va. R.Crim. P. 32(c)(2) (as amended, effective February 1, 1985). However, disclosure to the defendant was not to be made to the extent that "in the opinion of the court the report contain[ed] diagnostic opinions which, if disclosed, might seriously disrupt a program of rehabilitation; or sources of information obtained upon a promise of confidentiality; or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons." W. Va. R.Crim. P.

32(c)(3) (as amended, effective February 1, 1985). Similarly, under the current rule, "[t]he presentence report must exclude: (A) any diagnostic opinions that, if disclosed, might seriously disrupt a program of rehabilitation; (B) sources of information obtained upon a promise of confidentiality; or (C) any other information that, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons." W. Va. R.Crim. P. 32(b)(5) (as amended, effective January 1, 1996). Thus, the type of confidential information about which Judge King was concerned should not be included in the report.

Moreover, the language of West Virginia Rule of Criminal Procedure 32(b)(5), stating that a presentence report "must" exclude certain enumerated information, is mandatory. *See Larson v. State Personnel Bd.,* 28 Cal.App.4th 265, 276, 33 Cal.Rptr.2d 412, 419 (1994) ("The ordinary meaning of 'shall' or 'must' is of mandatory effect...." (Citation omitted).); *Wright v. Ector County Ind. School Dist.,* 867 S.W.2d 863, 868 (Tex.App. 1993) ("The ordinary meaning of 'shall' or 'must' is of a mandatory effect...." (Citation omitted).); *Federal Land Bank of St. Paul v. Waltz,* 423 N.W.2d 799, 802 (N.D. 1988) ("The word 'must' as ordinarily used indicates a mandatory and not merely a directory or nonmandatory duty." (Citation omitted).); *Tranen v. Aziz,* 59 Md.App. 528, 534–35, 476 A.2d 1170, 1173 (1984) ("The term 'must' imposes a positive, absolute duty, ... and has been defined as 'compulsion or obligation' or 'requirement or prerequisite.'" (Citations omitted).), *aff'd* 304 Md. 605, 500 A.2d 636 (1985).

We realize that circuit courts commonly avail themselves of the type of information now excluded from the presentence investi-

---

**6.** *Accord United States v. Cruz,* 981 F.2d 613 (1st Cir.1992); *United States v. Cortez,* 841 F.2d 456 (2nd Cir.1988), *cert. denied,* 486 U.S. 1058, 108 S.Ct. 2829, 100 L.Ed.2d 929 (1988); *United States v. Mays,* 798 F.2d 78 (3d Cir.1986); *United States v. Victoria,* 877 F.2d 338 (5th Cir.1989); *United States v. Stevens,* 851 F.2d 140 (6th Cir. 1988); *United States v. Griggs,* 71 F.3d 276 (8th Cir.1995); *United States v. Maree,* 934 F.2d 196 (9th Cir.1991); *United States v. Rangel–Arreola,* 991 F.2d 1519 (10th Cir.1993). The United States Circuit Court of Appeals for the Seventh

Circuit has gone a step further by requiring that district court judges personally address the defendant and ask whether he or she has had an opportunity to review the presentence report and discuss it with counsel. *See United States v. Rone,* 743 F.2d 1169 (7th Cir.1984). However, the other federal circuits, with the exception of the Eleventh Circuit, the DC Circuit and the Federal Circuit, which apparently have not had the opportunity to address this issue, have rejected this method.

gation report in order to determine the appropriate sentence to be imposed. Rule 32 provides direction for a court receiving such information. "If the court has received information excluded from the presentence report under subdivision (b)(5) the court—in lieu of making that information available—must summarize it in writing, if the information will be relied on in determining sentence. The court must also give the defendant and the defendant's counsel a reasonable opportunity to comment on that information." W. Va. R.Crim. P. 32(c)(3)(A). Therefore, we hold that West Virginia Rule of Criminal Procedure 32(b)(5), is mandatory in its requirement that the following information be excluded from presentence investigation reports:

(A) any diagnostic opinions that, if disclosed, might seriously disrupt a program of rehabilitation;

(B) sources of information obtained upon a promise of confidentiality; or

(C) any other information that, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons.

Such information should be provided to the Court, but not the defendant or his counsel, unless such information will be relied on in determining sentence, it which case it must be summarized by the court, in writing, and provided to the defendant or his counsel.

## IV.

### CONCLUSION

Based upon the foregoing, we find that the Honorable Charles King, Chief Circuit Judge, Thirteenth Judicial Circuit, and John J. Myatt, Chief Probation Officer, Thirteenth Judicial Circuit, have a legal duty, pursuant to Rule 32 of the West Virginia Rules of Criminal Procedure, to assure that criminal defendants and their counsel are provided with a copy of the presentence investigation report prior to sentencing. We conclude, therefore, that a writ of mandamus shall issue compelling the respondents to comply with the provisions of Rule 32 of the West

Virginia Rules of Criminal Procedure as set forth in this opinion.

Writ granted.