**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Elan Bell-Veney,**
**Petitioner Below, Petitioner**

**vs.)  No. 20-0342** (Berkeley County 19-C-3)

**Shelby Searls, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Elan Bell-Veney, by counsel Sherman L. Lambert Sr., appeals the Circuit Court of Berkeley County's March 20, 2020, order denying his petition for a writ of habeas corpus asserting that he was sentenced on the basis of inaccurate information, that he was denied his right to confront witnesses against him, and that the trial judge was "prejudiced" against him. Respondent Shelby Searls, Superintendent, Huttonsville Correctional Center, by counsel Patrick Morrisey and Gordon L. Mowen II, filed a response and supplemental appendix.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in 2015 on ten felony counts of malicious assault. He and the State entered into a plea agreement under which petitioner pled guilty to four counts of malicious assault in exchange for the dismissal of the remaining counts. The State further agreed not to initiate recidivist proceedings and to remain silent at sentencing. The circuit court accepted petitioner's plea, and on June 5, 2017, it sentenced petitioner to consecutive terms of not less

---

[1] Since the filing of the appeal in this case, the superintendent has changed and is now Shelby Searls. Accordingly, the Court has made the necessary substitution of parties under Rule 41(c) of the West Virginia Rules of Appellate Procedure.

than two nor more than ten years of incarceration for each malicious assault conviction.[2] This Court affirmed petitioner's sentences in *State v. Bell-Veney*, No. 17-0606, 2018 WL 2928106 (W. Va. June 11, 2018)(memorandum decision).

Following the resolution of his direct appeal, petitioner filed a petition for a writ of habeas corpus, asserting three grounds for relief. First, petitioner alleged that "some of the 'facts' relied upon by [the sentencing court] were not drawn from any testimony or from the pre-sentence investigation report." Rather, they were purportedly drawn from the court's "inaccurate recollections or beliefs." Namely, the court, in recounting petitioner's prior involvement in an incident in which he shot an innocent bystander, identified the bystander as a female when, in fact, the bystander was a male. Petitioner claimed that this misstatement deprived him of his due process right to be sentenced on accurate information.

Second, petitioner asserted a violation of the Confrontation Clause contained within the Sixth Amendment to the United States Constitution. Petitioner argued that if the sentencing court had "some knowledge of accusations, from any source, that [p]etitioner had shot an innocent woman in the head[,] . . . [p]etitioner should have been given permission to confront his accuser(s) rather than be sentenced purely on an unexamined rumor."

Third and finally, petitioner argued that the sentencing judge was prejudiced against him because it "'pre-judged' [p]etitioner as guilty of having recklessly shot a woman in the face, despite the absence of any evidence on the record of any such incident." Thus, petitioner claims he was deprived of the right to an impartial judge.

The circuit court denied petitioner habeas relief. It found that petitioner's due process arguments related to his sentencing could have been advanced on direct appeal but were not. Consequently, the court found that petitioner waived the issue under *Ford v. Coiner*, 156 W. Va. 362, 196 S.E.2d 91 (1972). Nevertheless, it addressed the issue on its merits, finding that there was no "misinformation of constitutional magnitude." The court noted that the presentence investigation report accurately outlined petitioner's prior charges of murder, malicious assault, and wanton endangerment, which were pled down to involuntary manslaughter and wanton endangerment, and found that the sentencing court's only inaccuracy was misidentifying the victim as female instead of male.

Next, inasmuch as the sentencing court was merely reciting petitioner's 2011 convictions and not accusing petitioner of having committed a separate killing that it then impermissibly considered, the habeas court found no merit to petitioner's Confrontation Clause arguments.

---

[2] Petitioner's guilty pleas were entered under *North Carolina v. Alford*, 400 U.S. 25 (1970). In *Kennedy v. Frazier*, relying on *Alford*, this Court held that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." 178 W. Va. 10, 357 S.E.2d 43, Syl. Pt. 1 (1987).

Finally, as petitioner's arguments concerning an impartial judge were likewise predicated on petitioner's erroneous assertion that the sentencing court harbored some mistaken belief that a separate, female victim was shot by petitioner, it found no merit to that claim. It is from the court's March 20, 2020, order denying him habeas relief that petitioner now appeals.

Each of petitioner's three assignments of error is reviewed under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

In petitioner's first assignment of error, he argues that his sentence must be set aside because the court considered false information in imposing his sentence. Specifically, petitioner asserts that the sentencing court erroneously characterized his prior robbery conviction as an armed robbery conviction. Petitioner also contends that the sentencing court confused the facts surrounding one of his earlier convictions with those present in another case involving a different defendant "either through inadvertence or mental relapse" and "misidentified [p]etitioner as the assailant who shot Taylor Hawkridge."

We begin by observing that, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires a petitioner's argument to "contain appropriate and specific citations to the record on appeal," petitioner does not support this assignment of error with appropriate and specific citations to the record.[3] This Court "may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Petitioner does quote three and a half pages of the transcript of his sentencing hearing, but within the quoted portion of that transcript, the sentencing court makes no mention of an armed robbery conviction, and, in this Court's review of the entire sentencing hearing transcript, we found no such reference. Petitioner also fails to identify where in the quoted portion he is misidentified as the defendant in the separate case or how the court otherwise confused the facts surrounding one of his earlier convictions with those present in another defendant's case.

In addition to failing to specifically identify these alleged errors in the appendix record, petitioner has failed to "includ[e] citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Before the habeas court, petitioner did not allege that the sentencing court erroneously characterized his robbery conviction as an

---

[3] To be clear, petitioner cites to the appendix record, but he does not cite to the errors that he claims occurred.

armed robbery conviction, and he raised the specific assertion that the court misidentified the sex of the victim of his unlawful killing conviction instead of the broader claim now asserted.[4] This Court has repeatedly reminded litigants of its general rule that nonjurisdictional questions raised for the first time on appeal will not be considered. *See, e.g.*, *State v. Lewis*, No. 19-0121, 2020 WL 2735431, \*4 (W. Va. May 26, 2020)(memorandum decision); *Smith v. Mirandy*, No. 12-0374, 2013 WL 6184038, \*2 (W. Va. Nov. 26, 2013)(memorandum decision); Syl. Pt. 1, *State v. Berry*, 227 W. Va. 221, 707 S.E.2d 831 (2011). Finally, as correctly found by the habeas court, under *Ford* "there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance." 156 W. Va. at 362, 196 S.E.2d at 92, Syl. Pt. 1, in part. Petitioner neither advanced the argument related to armed robbery on direct appeal nor offered any rebuttal to the presumed waiver of that ground. Likewise, petitioner failed to argue in his direct appeal that the sentencing court confused the facts of one of his prior convictions with those present in another case in which he was not involved, and he has failed to rebut the presumed waiver of that ground. For any—or for all—of these reasons, we decline to address this assignment of error on appeal.

In petitioner's second assignment of error, he claims that the "[s]heriff's [d]epartment is an agent of the State of West Virginia," and because the State agreed to remain silent at sentencing, the court improperly considered the sheriff department's position that incarceration would be an appropriate disposition at sentencing. The sheriff department's position was set forth in the "community sentiment" section of petitioner's presentence investigation report.

As with petitioner's first assignment of error, this assignment of error contains multiple deficiencies that preclude our review. First, petitioner could have raised this ground on direct appeal but did not. He also failed to rebut the resulting presumed waiver of this ground. Accordingly, the ground is waived. In addition, petitioner did not raise this ground below. Because we will not consider nonjurisdictional questions raised for the first time on appeal, we decline to consider this ground here. *Lewis*, 2020 WL 2735431 at \*4.

---

[4] Although petitioner does not adequately explain how the court confused the facts of a different case with those present in his own prior convictions, to the extent his assertion that the sentencing court mistakenly believed he shot Taylor Hawkridge—a female victim in another case not involving petitioner—is the same claim asserted below concerning the sentencing court's misidentification of one of petitioner's victims as female instead of male, we find no error in the habeas court's denial of his petition on this ground. While sentencing courts should be careful to sentence defendants on the basis of accurate information as "sentences based on inaccurate information may, in some circumstances, require reversal on due process grounds," reversal is generally reserved for "misinformation of constitutional magnitude." *State ex rel. Aaron v. King*, 199 W. Va. 533, 538, 485 S.E.2d 702, 707 (1997) (citing *Roberts v. United States*, 445 U.S. 552 (1980)). We find no error in the habeas court's conclusion that any mischaracterization of the sex of one of petitioner's victims is not of a constitutional magnitude requiring reversal.

4

In petitioner's third and final assignment of error, he argues that the sentencing court demonstrated bias by considering improper sentencing factors, which he lists to include his "character, the circuit court's inappropriate conversations with Lieutenant Hall of the Berkeley County Sheriff's Department, and the Judge's belief that the [p]etitioner shot Taylor Hawkridge."

Again, petitioner fails to include "appropriate and specific citations to the record on appeal," and he fails to identify what character traits the court considered, specify what "inappropriate conversations" occurred, or substantiate his claim that the sentencing court mistook him for the individual who shot Taylor Hawkridge. W. Va. R. App. P. 10(c)(7). Because these arguments appear to be reiterations of petitioner's first and second assignments of error, this assignment of error fails for the same reasons those assignments of error fail.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 27, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton