No. 21-0490 – *State v. Keefer*

WOOTON, J., concurring, in part, and dissenting, in part:

I concur in the majority's affirmance of the denial of petitioner's Rule 35(b) motion. Without the necessity of a new point of law, it is clear that petitioner's sentencing order states that her "sentencing date" was January 12, 2021. It is from that date that the Rule's 120-day time limitation began to run and therefore her motion was untimely. For that reason, it was both unnecessary and imprudent to issue a new point of law to dispose of this matter without the benefit of oral argument. Because Rule 35 is a court rule, clarifications or changes of the rules which threaten to have widespread effect are best undertaken through rule amendment after an appropriate period of public comment. At a minimum, the majority's new point of law should have expressly been made to operate prospectively only, lest countless defendants be unfairly disadvantaged. For these reasons, I respectfully dissent to the majority's new syllabus point.

The majority premises its decision to issue an opinion and new point of law without Rule 20 oral argument on the language of Rule 18(a) of the West Virginia Rules of Appellate Procedure, which provides that oral argument is unnecessary where 1) the parties have waived oral argument or 2) the issue is adequately presented in the briefs and record and the "decisional process" would not be aided by oral argument. However, neither of those are decidedly present here. Although the State did indicate in its brief that oral argument was unnecessary, it included the caveat that the case was "appropriate for

1

resolution by memorandum decision." As is well-established, memorandum decisions carry no threat of a new point of law because it stands in contrast to "an opinion." *See* Rule 21(c) and (d) (providing that the memorandum decision must contain a "concise" statement of the reason for the decision and why it is suitable for "a memorandum decision instead of an opinion."). Therefore, the State relented on oral argument under its presumption that a memorandum decision that resolved this case largely on the merits of the underlying Rule 35(b) motion would issue.

As to the adequacy of the briefing, the majority's position that the 120-day limitation should run from the date the sentence is orally pronounced is essentially untested. Critically, in its brief, the State effectively *conceded error* on this issue. Rather than arguing in support of the circuit court's method of calculation—the method adopted by the majority in a new syllabus point—the State side-stepped the timeliness of the motion and argued that the circuit court's "error" was harmless because the motion itself was meritless. Presumably then, the State likewise believed that the calculation of the 120-day deadline should run from the entry of the sentencing order as posited by petitioner, contrary to the majority's new holding. *See* W. Va. R. App. P. 10(d) ("If the respondent's brief fails to respond to an assignment of error, the Court will assume that the respondent agrees with the petitioner's view of the issue."). Accordingly, the majority has adopted wholesale a position that was not advocated for by any party to the underlying case. As a result, this

issue of first impression lacks any true adversarial testing—a problem that could have at least been mitigated through oral argument.[1]

And while there would have been nothing improper about the Court's undertaking of this issue of first impression upon oral argument, the matter was better addressed through rule amendment. Rarely does the Court have an opportunity to simply change that which is unclear; however, ambiguity in its own Rules can be easily clarified through rule amendment. *See Bennett v. Warner*, 179 W.Va. 742, 372 S.E.2d 920 (1988), *superceded by statute on other grounds as stated in Miller v. Allman*, 240 W. Va. 438, 813 S.E.2d 91 (2018) ("Under article eight, section three of our Constitution, the Supreme Court of Appeals shall have the power to promulgate rules for all of the courts of the State related to process, practice, and procedure, which shall have the force and effect of law."); Syl. Pt. 5, *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999) ("The West Virginia Rules of Criminal Procedure are the paramount authority controlling criminal proceedings before the circuit courts of this jurisdiction; any statutory or common-law procedural rule

---

[1] Placing this case on the Rule 20 argument docket may also have yielded amicus curiae briefing by interested parties, which would further inform the Court of the implications of any ruling.

that conflicts with these Rules is presumptively without force or effect."). In fact, this is precisely how the federal system resolved the issue.[2]

The rule-making process allows all interested parties to comment during a public comment period and better informs the Court of the potential ramifications of any proposed changes. Certainly, the Court would benefit from practitioners and judges around the State enlightening it about the common practice and resulting implications of a potential change in how the Rule 35(b) 120-day deadline is calculated. As the Court has observed,

> [t]he Judicial Reorganization Amendment, Article VIII, Section 3, of the Constitution, placed heavy responsibilities on this Court for administration of the state's entire court system.

---

[2] Regarding the 2004 amendment of Federal Rule of Criminal Procedure 35 to clarify the phrase "imposition of sentence," the advisory committee note provides:

> Originally, the language in Rule 35 had used the term "imposition of sentence." The term "imposition of sentence" was not defined in the rule and the courts addressing the meaning of the term were split. The majority view was that the term meant the oral announcement of the sentence and the minority view was that it meant the entry of the judgment. See *United States v. Aguirre*, 214 F.3d 1122, 1124-25 (9th Cir. 2000) (discussion of original Rule 35(c) and citing cases). During the restyling of all of the Criminal Rules in 2000 and 2001, the Committee determined that the uniform term "sentencing" throughout the entire rule was the more appropriate term. After further reflection, and with the recognition that some ambiguity may still be present in using the term "sentencing," the Committee believes that the better approach is to make clear in the rule itself that the term "sentencing" in Rule 35 means the oral announcement of the sentence. That is the meaning recognized in the majority of the cases addressing the issue.

Fed. R. Crim. P. 35 advisory committee's note to the 2004 amendment, in part.

> The mandate of the people, so expressed, commands the members of the Court to be alert to the needs and requirements of the court system throughout the state.

*State ex rel. Bagley v. Blankenship*, 161 W.Va. 630, 644-45, 246 S.E.2d 99, 107 (1978); *see also State v. Sheffield*, ___ W. Va. ___, ___ n.11, 875 S.E.2d 321, 331 n.11 (W. Va. 2022) (observing that significant changes to the West Virginia Rules of Criminal Procedure "cannot be made in the context of a judicial opinion; rather, it must occur through our normal rule-making process."). It is simply unnecessary to adopt this new reading of the Rule through an opinion, without oral argument or adversarial briefing, in order to implement this interpretation of the Rule or to affirm the result reached in the instant case.

The danger in approaching the issue in this manner is demonstrated by the underlying case itself. Under the *majority's* reasoning, petitioner is foreclosed from seeking a reduction in her sentence because of this Court's new interpretation of its own rule of criminal procedure. By applying its new syllabus point to petitioner, the majority has enacted a retroactive change to the law. However, the majority fails to analyze the propriety of a retroactive change to a non-constitutional rule of criminal procedure which definitively *disadvantages* defendants by shortening the period of time in which they may file Rule 35(b) motions. *See* Andrew I. Haddad, *Cruel Timing: Retroactive Application of State Criminal Procedural Rules to Direct Appeals*, 116 Colum. L. Rev. 1259, 1261 (2016) ("[C]ourts that use [a] case-specific [retroactivity] analysis almost never find a newly declared state rule of criminal procedure to be sufficiently important to the fact-finding

5

process as to merit retroactive application to criminal cases on direct review." (footnotes omitted)).

This Court has held that, "a judicial decision in a criminal case is to be given prospective application only if: (a) It established a new principle of law; (b) its retroactive application would retard its operation; and (c) its retroactive application would produce inequitable results." Syl. Pt. 5, *State v. Blake*, 197 W.Va. 700, 478 S.E.2d 550 (1996). Because the majority failed to adopt its new syllabus point prospectively only, any defendant who relied on the date of his or her sentencing order, rather than the earlier hearing date, to dictate when a Rule 35(b) motion was due will now be procedurally barred from seeking a reduction of sentence under this case. This runs contrary to this Court's precedent in the treatment of changes to procedural rules. *See Blake*, 197 W. Va. at 713, 478 S.E.2d at 563 ("[B]ecause *Neuman* clarified applicable procedural law only, and not substantive or constitutional law, it should be given prospective application only."); *State v. Byrd*, 163 W. Va. 248, 253, 256 S.E.2d 323, 325 (1979), *holding modified by State ex rel. Aaron v. King*, 199 W. Va. 533, 485 S.E.2d 702 (1997) ("The subject matter of the rule not rising to a constitutional dimension such rule will be applied to this case and prospectively only.").

Perhaps more importantly, because this new ruling negatively affects defendants' ability to seek relief from their penalties by potentially shortening their time frame for filing, its retroactivity raises potential ex post facto concerns. *See* U. S. Const.

6

art. I, § 10, cl. 1; W. Va. Const. art. III, § 4; *see also State v. R. H.*, 166 W. Va. 280, 289, 273 S.E.2d 578, 584 (1980), *overruled on other grounds by State ex rel. Cook v. Helms*, 170 W. Va. 200, 292 S.E.2d 610 (1981) ("[P]rocedural changes can be ex post facto depending on their effect on the accused." (citing *U. S. v. Henson*, 486 F.2d 1292 (D. C. Cir.1973))). This Court has observed that

> the ex post facto prohibition extends to any alteration, even one labeled procedural, "which in relation to the offense or its *consequences*, alters the situation of a party to his disadvantage." It has also been stated that no substantial right which the law gives an accused at the time of the commission of the offense to which his guilt relates can be taken away from him ex post facto, merely by calling it a law of procedure.

*Id*. at 289, 273 S.E.2d at 584 (emphasis added) (citations omitted).

The potential widespread impact of the majority's new rule and its failure to ameliorate that impact by making its new syllabus point prospective only compels me to dissent to the majority opinion. Although I agree that petitioner's Rule 35(b) motion was untimely because her sentencing date was clearly stated in the order, I believe it would have been more judicious to implement a clarification to Rule 35 through our rule-making process. Accordingly, I respectfully concur, in part, and dissent, in part.